**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,

      Plaintiff,

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS)

      Defendant.

_____/

Civil Action No. _____

Case: 1:25–cv–03186
Assigned To : Reyes, Ana C.
Assign. Date : 9/12/2025
Description: FOIA/Privacy Act (I–DECK)

**COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF UNDER FOIA**

**I. PRELIMINARY STATEMENT**

1.  This is a civil action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from the Plaintiff by the U.S. Department of Homeland Security (DHS), through its sub-agency, U.S. Citizenship and Immigration Services (USCIS).

2.  On or around July, 2025, Plaintiff submitted a FOIA request to USCIS for his complete Alien file ("A-file") and received confirmation under control number, NRC2025329738. Despite this acknowledgment, Plaintiff never received the requested file and a subsequent inquiry into the status of the FOIA request resulted in a response that no such request existed—an unexplained and suspicious contradiction that raises serious concerns of obstruction.

3.  The requested A-file was not only legally required to be disclosed under FOIA but was simultaneously being reviewed by the Government in a separate immigration proceeding, Payne v. USCIS, Case No. 1:25-cv-01952-ACR, filed under 8 U.S.C. § 1447(b) and

1

RECEIVED

SEP 12 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

presided over by Judge Ana C. Reyes. In that proceeding, the Government was granted a 30-day extension to review Plaintiff's file and prepare a response. Plaintiff subsequently moved to compel access to his A-file, citing both the pending FOIA request and the Government's ongoing use of the file to develop a position against him.

4. The Court denied Plaintiff's motion, thereby permitting the Government to use the file while depriving Plaintiff of access to his own unprivileged immigration record. This denial—combined with USCIS's failure to fulfill its statutory FOIA obligation—violated Plaintiff's Fifth Amendment right to due process and the principles of adversarial fairness as articulated in Goldberg v. Kelly, 397 U.S. 254 (1970). As a result, Plaintiff was structurally disadvantaged in a proceeding that directly impacted his citizenship eligibility.

5. Furthermore, the events described in this action overlap with issues raised in Case No. 1:25-cv-01952-ACR, currently the subject of a pending Supervisory Writ before the United States Supreme Court. All parties relevant to that proceeding, including Judge Ana C. Reyes and the Department of Justice attorneys have been formally served.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

7. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B), because the defendant is an agency of the United States located in the District of Columbia and the records are located here.

### III. PARTIES

8. Plaintiff, Rayon Payne, is a resident of Florida, a lawful permanent resident of the United States, and a native of Guyana, South America. On or around July 16, 2025, Plaintiff submitted a FOIA request seeking a complete copy of his immigration "A-file." This request was made in direct connection with ongoing federal litigation under 8 U.S.C. § 1447(b), where access to the file was legally necessary to vindicate his statutory and constitutional rights.

9. Defendant, the United States Department of Homeland Security ("DHS"), is a federal agency headquartered in Washington, D.C. DHS is responsible for processing and responding to FOIA requests related to immigration records, including those maintained by its component agency, United States Citizenship and Immigration Services (USCIS).

### IV. FACTUAL ALLEGATIONS

10. Plaintiff, Rayon Sherwin Payne, is a lawful resident who submitted a naturalization application (N-400) to the United States Citizenship and Immigration Services (USCIS). Despite his lack of any criminal conviction, USCIS unlawfully denied his application, citing a non-existent felony conviction.

11. Plaintiff subsequently filed a timely N-336 administrative appeal. Despite USCIS reopening his case sua sponte, it administratively closed the appeal without adjudication and retained the $700 appeal fee.

12. On June 22, 2025, Plaintiff filed a civil action under 8 U.S.C. § 1447(b) in the U.S. District Court for the District of Columbia, seeking de novo review of the agency's delay and misconduct.

3

13. In response to that lawsuit, the Department of Justice (DOJ), representing USCIS, filed a motion requesting a 30-day extension of time to respond a request Plaintiff agreed to. In their motion, DOJ expressly represented to the court that they required time "to review the record" — referring to Plaintiff's A-file.

14. Plaintiff submitted a FOIA request (control number, NRC2025329738) to USCIS, seeking the same A-file DOJ claimed it needed for its review. On July 16, 2025, Plaintiff received acknowledgment of the request but never received any records. A later status check of the request number confirmed that no such request could be located, suggesting possible deletion or improper handling of the request.

15. On August 29, 2025, Plaintiff filed a motion to compel the Government to produce the A-file, citing both the pending FOIA request and the Government's own representations about needing the file to prepare its response. Plaintiff argued that fundamental fairness and due process required equal access to the record.

16. The Court denied Plaintiff's motion stating that it would allow the Government to file their response and will proceed in accordance with Federal Rules of Civil procedures, Shortly thereafter the Government filed a motion to transfer and dismissed the case, the Court granted the motion to transfer and but denied the dismissal and order the case transfer to the Middle District of Florida, over Plaintiff's objection, without resolving Plaintiff's record access concerns.

17. As a result, Plaintiff was deprived of access to critical records necessary to challenge the Government's use of a non-existent conviction. The DOJ was permitted to formulate and submit filings based on a record they had exclusive access to — a record that was being withheld from Plaintiff despite a pending FOIA request and a motion to compel.

18. The timing of these events—Plaintiff's FOIA request, the Government's extension motion, and the transfer of venue—all occurred within weeks of each other, demonstrating a pattern of obstruction. DOJ gained a tactical litigation advantage by blocking Plaintiff's access to the file, while simultaneously using that same file to oppose Plaintiff's claims.

19. These facts raise serious concerns of due process violations and misuse of agency discretion, particularly where the FOIA request was acknowledged and then effectively vanished from the system, denying Plaintiff both access and transparency.

20. The agency's failure to produce Plaintiff's A-file through FOIA directly prejudiced Plaintiff in related litigation. The same file was cited by the Government in its request for a 30-day extension to prepare a defense, yet Plaintiff was denied equal access by the presiding court. These events, taken together, represent more than a routine delay—they demonstrate a breakdown of procedural fairness in violation of FOIA's purpose and the Constitution's due process guarantees.

21. Additionally, the procedural handling of Plaintiff's motion to compel the A-file in <u>Payne v. United States</u>, Case No. 1:25-cv-01952-ACR, including the denial of access to his own immigration record, is now the subject of a pending Supervisory Writ before the United States Supreme Court. This context underscores the ongoing nature of the prejudice Plaintiff has suffered and the critical importance of transparency through this FOIA action.

## V. REQUEST FOR EXPEDITED PROCESSING

22. Plaintiff requested expedited processing under 5 U.S.C. § 552(a)(6)(E), citing an urgent need to obtain the file for time-sensitive litigation and to protect his due process rights.

23. The use of Plaintiff's file by DOJ in active litigation, combined with the refusal to provide Plaintiff with access to that same file, creates a compelling need justifying expedited processing.

24. DHS failed to process Plaintiff's request on an expedited basis or to provide a legally sufficient justification for denying such treatment.

## VI. CLAIM FOR RELIEF: VIOLATION OF FOIA

25. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

26. Defendant United States Department of Homeland Security, through its agency USCIS, violated the Freedom of Information Act, 5 U.S.C. § 552(a)(3), by failing to produce the records requested by Plaintiff under FOIA Request Control No. NRC2025329738 within the time limit prescribed by statute.

27. Defendant further failed to provide any determination or explanation for withholding, misplacing, or disregarding Plaintiff's FOIA request. As of the filing of this Complaint, the agency has failed to confirm the existence of the request, effectively removing any record of Plaintiff's submission despite acknowledgment on July 16, 2025.

28. Defendant's conduct has prejudiced Plaintiff in related legal proceedings, as the withheld records were simultaneously relied upon by government counsel to oppose Plaintiff in active litigation. This dual-track behavior—denying Plaintiff access while relying on the

6

records in court—amounts to an abuse of process and a deprivation of fair access to information.

29. Plaintiff is entitled to declaratory relief that Defendant has violated FOIA and to an order compelling Defendant to immediately and fully disclose the requested records.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendant United States Department of Homeland Security, through its agency USCIS, has violated the Freedom of Information Act by unlawfully withholding agency records requested by Plaintiff under FOIA Request Control No. NRC2025329738;

2. Order Defendant to immediately and fully produce all records responsive to Plaintiff's FOIA request, including all notes, access logs, communications, annotations, and documents relied upon in Plaintiff's underlying immigration proceedings and referenced in the government's opposition to Plaintiff's claims;

3. Declare that the Defendant's failure to disclose these records—while allowing the same file to be used against Plaintiff in legal proceedings—violated Plaintiff's right to fair process;

4. Grant expedited processing of this FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E), based on the demonstrated urgency and compelling need;

5. Award Plaintiff all applicable filing fees and litigation costs incurred as a result of this action, pursuant to 5 U.S.C. § 552(a)(4)(E);

6. Grant such other and further relief as the Court deems just and proper.

Date: 9/ 12 /2025                                          Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,

      Plaintiff,

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS)

      Defendant.

_____/

**PLAINTIFF'S EXHIBITS IN SUPPORT OF FOIA LAWSUIT**

1. **Exhibit A** – FOIA Acknowledgment Email (Control No. NRC2025329738) Proof that Plaintiff's FOIA request was submitted and logged.

2. **Exhibit B** – Screenshot from FOIA Status Portal Showing "No Request Found" Demonstrates tampering or deletion of a valid FOIA request.

3. **Exhibit C** – DOJ Motion Requesting 30-Day Extension to Review A-File, Filed in the 1447(b) proceeding, proving the government had access to the file.

4. **Exhibit D** – Court's Minute Order Granting DOJ's Extension Request. The court accommodates the government while Plaintiff is denied access.

5. **Exhibit E** – Plaintiff's Motion to Compel Production of A-File. Shows Plaintiff's attempt to obtain his file through proper legal channels.

6. **Exhibit F** – Court's Minute Order Denying Plaintiff's Motion to Compel. Final act of obstruction, contradicting both FOIA and due process obligations.

7. **Exhibit G** – Supervisory Writ Cover Page. illustrate the gravity and broader implications, showing the issue is before the Supreme Court.

9

# Exhibit A

 **Gmail**

**Keko Mardi <kekomardi@gmail.com>**

## USCIS FOIA - Case status change

1 message

**no-reply-foia@uscis.dhs.gov** <no-reply-foia@uscis.dhs.gov>

Wed, Jul 16, 2025 at 9:51 AM

To: kekomardi@gmail.com

RAYON PAYNE,

Your USCIS FOIA/PA request has been submitted and assigned the following control number, NRC2025329738. An Acknowledgement Letter with important information regarding your request has been electronically delivered to the myUSCIS account you created.

Please log into your account at https://first.uscis.gov to retrieve, view, and download the letter.

If you have troubles logging into your account, please call the USCIS Contact Center toll-free at 800-375-5283.

For people who are deaf, hard of hearing or have a speech disability: TTY 800-767-1833.

Thank you,

Jarrod Panter

Acting Chief FOIA Officer

THIS RESPONSE HAS BEEN AUTO GENERATED. PLEASE DO NOT REPLY TO THIS MESSAGE.

# Exhibit B

| Request Status |
|---|

**Please complete all required fields marked with an asterisk (\*). Request Number must be entered exactly as provided (e.g., 2023-11111).**

Request Number *

2025-329738

No Request found with this Request Number.

Find

**Status Guide**

| Request Status | Status Description |
|---|---|
| Received | Request has been properly received by the EOIR FOIA Service Center. |
| Assigned for Processing | Request has been assigned to a FOIA Specialist for processing. If your request was for a Record of Proceeding (ROP), the ROP has been ordered from the Immigration Court, Board of Immigration Appeals, or Federal Records Center. |
| On Hold-Need Info/Clarification | Request is on hold, and additional information is required. |
| On Hold-Fee Related Reasons | Request is on hold due to fee related reasons. |
| In Process | Request is actively being processed. |
| Document Delivery | Responsive documents have been delivered via the PAL and can be viewed by clicking the download button   in the Download Folder column. Note: most documents are delivered via email and will not appear with this status. |
| Closed | The Agency's response to your request was sent and your request is closed. |

Justice.gov
EOIR Homepage
Contact Us
Legal Policies and Disclaimers
Accessibility
Privacy Policy
USA.gov
EOIR FOIA - Freedom of Information Act (FOIA) (justice.gov)

OMB Approval Number 1125-0018

SEP 12 2025

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON SHERWIN PAYNE,

Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

Defendant.

Civil Action No. 25-1952(ACR)

**DEFENDANT'S CONSENT MOTION FOR ENLARGEMENT OF TIME
TO RESPOND TO PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P 6(b), by and through undersigned counsel, Defendant respectfully moves to extend the deadline for Defendant to file a response to Plaintiff's Complaint from August 26, 2025 to September 25, 2025. Pursuant to Local Civil Rule 7(m), the undersigned contacted Pro Se Plaintiff by email concerning his position on the extension and Plaintiff has agreed to a 30-day extension. The grounds for this motion are as follows.

Plaintiff filed this action on June 22, 2025. *See* Compl. (ECF No. 1). The Government was served on June 27, 2025. *See* Return of Service/Affidavit (ECF No. 7). The deadline to respond to the Complaint is currently August 26, 2025.

There is good cause for the Court to grant the requested relief. The undersigned was assigned this case on the date of this filing. While the undersigned has just recently been assigned to this matter, counsel has already reached out to the relevant agency and intends to promptly gather information necessary for the defense of this action. That said, the undersigned requires a reasonable period of additional time to discuss this matter with the relevant agency, explore whether this case may be resolved without litigation, and if not, formulate Defendant's response

to Plaintiff's Complaint.  Accordingly, Defendant requests this extension of time. This motion is filed in good faith and not for purposes of gaining any unfair advantage through delay. This is Defendant's first request for an extension to file a response to the Complaint and there are no other pending deadlines. Finally, any response will need to be submitted for internal supervisory review and approval prior to filing it with the Court.

For these reasons, Defendant respectfully requests that the Court extend the time to September 25, 2025, for Defendant to respond to Plaintiff's Complaint.

A proposed order is attached.

Dated:  August 20, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ Derrick A. Petit
Derrick A. Petit, D.C. Bar No. 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7269
Derrick.Petit@usdoj.gov

*Attorneys for the United States of America*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that August 20, 2025, I caused a copy of the foregoing to be served upon

Plaintiff by first class mail marked for delivery to:

**RAYON SHERWIN PAYNE**
**PRO SE**
**8815 Conroy Windermere Rd Ste #208**
**Orlando, FL 32835**

By:*/s/ Derrick A. Petit*
Derrick A. Petit, D.C. Bar # 144466
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Derrick.Petit@usdoj.gov
(202) 252-7269

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON SHERWIN PAYNE,

       Plaintiff,

   v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

       Defendant.

Civil Action No. 25-1952(ACR)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's consent motion for an enlargement of time to respond to Plaintiff's complaint, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendant's consent motion is GRANTED; and it is further

ORDERED that Defendant shall have through and including September 25, 2025, to respond to Plaintiff's complaint.

SO ORDERED:

_____
Dated

_____
ANA C. REYES
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON SHERWIN PAYNE,

Plaintiff,

v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,

Defendant.

Civil Action No. 25-1952(ACR)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendant's consent motion for an enlargement of time to

respond to Plaintiff's complaint, and for good cause shown and the entire record herein, it is hereby

ORDERED that Defendant's consent motion is GRANTED; and it is further

ORDERED that Defendant shall have through and including September 25, 2025, to

respond to Plaintiff's complaint.

SO ORDERED:

_____
Dated

_____
ANA C. REYES
United States District Judge

# Exhibit D

**Full docket text:**

MINUTE ORDER granting [10] Motion for Extension of Time to Answer. The Court GRANTS the Defendant's consent motion for enlargement of time to respond to the Complaint. The Defendant shall respond by September 25, 2025. Signed by Judge Ana C. Reyes on 08/21/2025. (lcacr2)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/10/2025 12:47:58 | | | |
| **PACER Login:** | folks9595 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-01952-ACR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# Exhibit E

14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON SHERWIN PAYNE,
        Plaintiff,

V.                                                    Case No.: 1:25-cv-01952-ACR

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),
        Defendant.

_____/

## PLAINTIFF'S MOTION TO COMPEL RECORD PRODUCTION AND TO BAR DEFENDANT FROM FILING ANY RESPONSIVE PLEADING UNTIL COMPLIANCE; MEMORANDUM OF LAW IN SUPPORT

### STATEMENT OF FACTS AND BACKGROUND

On June 22, 2025, Plaintiff filed this action pursuant to 8 U.S.C. § 1447(b), seeking de novo judicial review of the Government's failure to timely adjudicate his naturalization application. Plaintiff's Complaint alleges that USCIS unlawfully relied on a non-existent criminal conviction as the basis for denying his N-400 application and then administratively closed his related N-336 appeal without resolution or refund of the $700 filing fee, despite the agency reopening the naturalization process sua sponte.

Following the filing of the Complaint, Plaintiff filed a Motion for Leave to Conduct Early Discovery, requesting access to his A-file and all underlying records the agency relied upon. The Court denied that motion on July 30, 2025, without prejudice, noting that the Defendant had not yet filed a responsive pleading and that Plaintiff's request was premature.

Shortly thereafter, the Department of Justice (DOJ), on behalf of Defendant, moved for an extension of time to respond to the Complaint, expressly stating that it required 30 additional

1

days "to review the record." On August 21, 2025, the Court granted that request and ordered the Government to file its responsive pleading by September 25, 2025.

Concurrently, Plaintiff submitted a Freedom of Information Act (FOIA) request to USCIS (Control Number NRC2025329738) seeking his full A-file and relevant documents. While the request has been acknowledged, on July 16, 2025, no records have been produced to date. As a result, the Defendant remains in exclusive possession of the A-file — a record that forms the foundation of this case and one the Government has stated it must review before filing a response.

The Plaintiff's A-file is not a privileged document. It is maintained by the Government but concerns Plaintiff personally, and its contents are critical for Plaintiff to evaluate any factual assertions made by Defendant in future pleadings. DOJ's continued exclusive access to this file, while preparing a defense against Plaintiff's claims, raises serious concerns under basic principles of procedural fairness and due process.

**ARGUMENT**
**MEMORANDUM OF LAW**

**I. Due Process Requires Plaintiff's Access to the Record the Government Intends to Use**

The Fifth Amendment guarantees litigants a fundamental right to due process, which includes the opportunity to meaningfully respond to allegations, present evidence, and be heard. Procedural fairness dictates that when the Government has exclusive possession of the very record it intends to rely on in litigation, it must provide the opposing party a copy of that record before filing any responsive pleading.

2

This is especially true when, as here, the record in question is not privileged and concerns the Plaintiff directly. The A-file — which the Government has admitted it needs time to review — is a government-maintained record of Plaintiff's immigration history. See U.S. ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 267 (1954) (agency action must comply with due process where individual rights are implicated). Courts have long held that parties cannot be expected to respond to pleadings or mount a defense without meaningful access to material records. See also Goldberg v. Kelly, 397 U.S. 254, 267–68 (1970) (holding due process requires timely access to evidence used in deciding entitlements).

Moreover, Defendant's motion for extension acknowledged that it needed time specifically "to review the record." If the Government intends to file any pleading — whether an answer, motion to dismiss, or otherwise — that relies upon that review, then it must first make the same record available to Plaintiff. To do otherwise would deprive Plaintiff of any meaningful opportunity to rebut or respond, thereby violating principles of fairness and undermining adversarial litigation.

## II. The Government Cannot Use a Record It Has Not Produced

The Government's reliance on a record not in Plaintiff's possession puts the Plaintiff at a strategic and constitutional disadvantage. Courts routinely reject attempts by one party to litigate based on information concealed from the other side. See Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

Even more compelling is the fact that the Plaintiff proactively sought the A-file through a timely FOIA request (Control Number NRC2025329738), which has been acknowledged but not yet fulfilled. The Government cannot simultaneously seek judicial relief based on records it is

3

withholding. To allow such a tactic would amount to trial by ambush, which courts universally condemn. See Brady v. Maryland, 373 U.S. 83, 87 (1963) (the suppression by the prosecution of evidence favorable to an accused violates due process).

**III. DOJ's Affirmative Representation Warrants Disclosure of the A-File**

The Department of Justice, through its own representations to this Court, has confirmed that Plaintiff's A-file is central to its preparation of a defense. In requesting a 30-day extension to respond, the DOJ expressly stated that it needed time to "review the record." That record, by all available facts and context, is Plaintiff's own A-file — the very file Plaintiff has sought access to via FOIA and earlier discovery requests.

This acknowledgment carries serious procedural weight. **First**, it constitutes an admission that the A-file exists; **second**, that it is material to the defense the DOJ plans to raise; and **third**, that the DOJ either possesses or has access to this file, while Plaintiff does not.

Allowing the DOJ to rely on such a file in any responsive pleading, without first producing it to Plaintiff, would result in a gross imbalance of litigation fairness — permitting one party to shape its defense based on exclusive access to the very record at issue, while depriving the Plaintiff of the opportunity to rebut or prepare based on the same material. Such conduct offends fundamental notions of due process, discovery fairness, and transparency in adversarial litigation. See Hickman v. Taylor, 329 U.S. 495 (1947) (requiring fairness in discovery to ensure the truth-seeking function of litigation); see also United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (the discovery process must not be manipulated to secure unfair advantage).

4

Therefore, the DOJ should be barred from filing any responsive pleading — including motions to dismiss or answers — until the Plaintiff has been provided full and fair access to the A-file that the DOJ itself deems essential to its defense.

**IV. Local Rules and Fundamental Fairness Warrant a Bar on Any Filing Until Production**

Pursuant to Local Rule 7 and Judge Reyes's standing order, motions must be filed in good faith, following reasonable notice, and must not unfairly prejudice the opposing party. Defendant has already received a 30-day extension and is preparing its strategy based on a record it has not shared. This asymmetry not only violates the spirit of fair play but directly contradicts the Court's expectations of good faith litigation.

Additionally, courts have discretion under Rule 26(d) to grant limited discovery where fairness so requires. See Qwest Commc'ns Int'l Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003) ("Expedited discovery is appropriate when good cause exists, such as where evidence may be lost or when the need for discovery outweighs prejudice to the responding party."). Here, fairness demands disclosure before further proceedings.

**V. CONCLUSION**

In a matter implicating constitutional due process and fundamental fairness, the Plaintiff cannot be placed at a disadvantage by allowing the Defendant to litigate based on records solely in its possession. Defendant's own admission — that it required time to review Plaintiff's A-file — makes clear that any subsequent filing will rely on that record. Plaintiff must have equal access before being required to respond or engage further. Justice requires a level playing field. This motion seeks nothing more than that — fair access to the very record upon which the Government intends to rely.

## VI. RELIEF REQUESTED

Plaintiff respectfully moves this Court for an order:

1. Precluding Defendant from filing any responsive pleading, motion, or submission based on the Plaintiff's A-file or any related immigration record until such record is produced to the Plaintiff;

2. Compelling Defendant to produce a complete and unredacted copy of Plaintiff's A-file (or the version reviewed by Defendant in preparing its response), no less than fourteen (14) days prior to filing any responsive pleading;

3. Acknowledging Plaintiff's pending FOIA request (Control No. NRC2025329738) and incorporating the lack of fulfillment as further grounds for fairness-based relief; and

4. Granting such other and further relief as the Court deems just and proper under the circumstances.


Date: 8/ 29 /2025                                   Respectfully submitted,


_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

6

## MEET AND CONFER STATEMENT

Pursuant to Local Civil Rule 7(m), Plaintiff submits that no further meet and confer was necessary or required prior to filing this motion. The Defendant, through its counsel, previously requested a 30-day extension of time specifically to "review the record," which was granted by the Court. This motion arises directly from that affirmative representation made by Defendant to the Court and seeks fairness in Plaintiff's access to the same record.

Moreover, the parties have already conferred concerning scheduling, and Plaintiff's request herein pertains solely to access to Plaintiff's own A-file—records uniquely belonging to the Plaintiff and already within the Defendant's exclusive possession. Accordingly, no meaningful meet and confer could alter the underlying facts or eliminate the need for judicial resolution of this issue.

Date: 8/ 29 /2025                                             Respectfully submitted,

_____
RAYON PAYNE, PRO SE


## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Motion to Bar Pleading Pending Record Production and Incorporated Memorandum of Law was served via electronic mail upon: Derrick A. Petit | Assistant United States Attorney, Civil Division, U.S. Attorney's Office 601 D Street, NW, Washington, D.C. 20530 at Derrick.Petit@usdoj.gov.

Date: 8/ 29 /2025                                             Respectfully submitted,

_____
RAYON PAYNE, PRO SE

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RAYON SHERWIN PAYNE,
     Plaintiff,

V.                                  Case No.: 1:25-cv-01952-ACR

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES (USCIS),
     Defendant.
_____/

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RECORD
PRODUCTION AND STAY DEFENDANT'S RESPONSIVE PLEADING UNTIL
COMPLIANCE**

Upon consideration of Plaintiff's Motion to Bar the Defendant from filing any responsive
pleading prior to producing the complete A-File in its possession — which the Defendant has
acknowledged it needs to review to respond to the Complaint — and good cause having been
shown, it is hereby:

ORDERED that Plaintiff's Motion is GRANTED; and it is further that the Defendant shall not
file any responsive pleading, including a motion to dismiss, answer, or any other dispositive or
procedural motion, until it has produced the complete A-File related to Plaintiff, which it has
admitted to possessing, reviewing, and relying upon in its forthcoming response to the
Complaint; and it is further and that Defendant shall produce the complete A-File to Plaintiff no
later than fourteen (14) days prior to the Court's current deadline of September 25, 2025, for
filing a responsive pleading; and it is further

SO ORDERED.

Dated:

_____
Hon. Ana C. Reyes
United States District Judge

8

# Exhibit F

15

**Full docket text:**
MINUTE ORDER denying [11] Motion to Compel. The Court DENIES the Motion for substantially the same reasons as stated in its July 30, 2025, Minute Order. Following Defendant's filing of responsive pleading, the Court will proceed in a manner consistent with the Federal Rules of Civil Procedure and any applicable scheduling orders. Signed by Judge Ana C. Reyes on 08/29/2025. (lcacr2)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/10/2025 12:50:05 | | |
| **PACER Login:** | folks9595 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-01952-ACR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

# Exhibit G

Case No.

---

**IN THE**
**SUPREME COURT OF THE UNITED STATES**

---

RAYON PAYNE,

Petitioner,

v.

UNITED STATES DISTRICT COURT FOR
DISTRICT OF COLUMBIA,

AND

HON. ANA C. REYES
in her official capacity,

Case No.: 1:25-cv-01952-ACR

Respondents.

# PETITION FOR A WRIT OF SUPERVISORY PROHIBITION AND/OR MANDAMUS

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com