**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
     Plaintiff,

V.                                               Case #: 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS),
     Defendants.

_____/

## VERIFIED MOTION TO DISQUALIFY JUDGE REYES

COMES NOW the Plaintiff, Rayon Payne, pro se, and pursuant to 28 U.S.C. § 455(a) and (b)(1), respectfully moves this Honorable Court to disqualify the Hon. Judge Ana C. Reyes from presiding over this action. This motion is grounded in the appearance of partiality and actual conflict due to Judge Reyes' prior and direct involvement in proceedings involving the same Plaintiff, same federal file (A-File), and same adverse parties. In further support, Plaintiff submits the following Memorandum of Law.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY

### I. INTRODUCTION

This motion arises from a critical question of judicial impartiality and the integrity of proceedings involving the Department of Homeland Security (DHS), Department of Justice (DOJ), and a Plaintiff seeking access to his immigration file. Judge Reyes previously presided over a related action involving the same file and the same Plaintiff, during which her rulings—including the use of minute orders and a venue transfer—are now under review by the United States Supreme Court via a pending supervisory writ. Given this background, her continued involvement in this FOIA action places the appearance of justice at risk.

1

## II. LEGAL STANDARD

Federal law mandates disqualification under two key subsections of 28 U.S.C. § 455:

a.  § 455(a): Any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

b.  § 455(b)(1): Disqualification is also required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The test under § 455(a) is an objective one: whether a reasonable person, knowing all the facts, would question the judge's impartiality. Disqualification is required not only in cases of actual bias but also where there is an appearance of bias that undermines confidence in the judiciary.

## III. GROUNDS FOR DISQUALIFICATION

### A. Prior Judicial Involvement in Related Action

Judge Reyes presided over the Plaintiff's prior case under 8 U.S.C. § 1447(b), in which the same immigration file—the A-File—was the central subject. In that matter, Judge Reyes issued minute orders that denied Plaintiff's statutory right to access his own file, denied his motions without full explanation, and ultimately transferred the matter back to a conflicted venue. This conduct is currently under scrutiny via a supervisory writ pending before the Supreme Court.

### B. Same Subject Matter, Same Parties

This FOIA case directly concerns the same A-File that was withheld and used against Plaintiff in the § 1447(b) case. The Defendants are the same government agencies and attorneys involved in both cases. Thus, the facts, parties, and legal issues are so intertwined that impartial adjudication by Judge Reyes in this case is objectively questionable.

2

**C. Appearance of Impropriety**

The prior conduct at issue—including use of minute orders to block substantive motions, the timing of decisions, and denial of rights—casts a cloud over the impartiality of future rulings in this case. The reasonable observer would question whether Judge Reyes can fairly preside over this matter without the appearance of attempting to retroactively justify her previous decisions.

**IV. CONTROLLING CASE LAW**

    a.  Offutt v. United States, 348 U.S. 11 (1954): Justice must satisfy the appearance of justice. A judge embroiled in a controversy or whose impartiality is in doubt must recuse.

    b.  Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009): Due process requires recusal when there is a serious risk of actual bias based on earlier proceedings.

    c.  Numerous Circuit and District Court decisions have similarly held that prior involvement in related litigation or conduct at issue in appellate review justifies disqualification under § 455.

**V. APPLICATION TO THIS CASE**

The United States Supreme Court has been served with a supervisory writ challenging Judge Reyes' actions in the previous case. Her assignment to this case—arising from the same facts and targeting the same agencies—presents an unavoidable appearance of conflict. Any future rulings by Judge Reyes may be perceived as attempts to influence or control the narrative of past rulings that are under scrutiny.

Furthermore, Judge Reyes' actions are not only central to the Plaintiff's claims in this case, but her judicial discretion has already been implicated as part of ongoing constitutional review. As such, continued participation would diminish the appearance of impartial justice.

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. GRANT this Motion to Disqualify Judge Ana C. Reyes;

2. REASSIGN this case to a different Article III judge with no involvement in related prior proceedings;

3. Order that all further rulings in this matter be made through formal judicial orders and not minute orders, to ensure transparency.

## VERIFICATION

I, Rayon Payne, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 16th day of September, 2025.

Respectfully submitted,

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2025, I served a true and correct copy of the

Verified Motion to Disqualify Judge Reyes and Memorandum of Law in Support via U.S. mail,

postage prepaid, and/or by electronic service where applicable, upon the following:

- General Counsel, U.S. Department of Homeland Security
  Office of the General Counsel
  2707 Martin Luther King Jr. Avenue SE
  Washington, DC 20528

- U.S. Attorney for the District of Columbia
  Civil Process Clerk
  601 D Street NW
  Washington, DC 20530

- U.S. Department of Justice – Attorney General
  950 Pennsylvania Avenue NW
  Washington, DC 20530

Respectfully submitted,

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com