**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
         Plaintiff,

V.                                                                    Case #: 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS),
         Defendants.
_____/

**NOTICE OF RELATED ACTION AND STRUCTURAL CONFLICT**
**(With Incorporated Memorandum of Law)**

Plaintiff Rayon Payne hereby submits this judicial notice informing the Court and all parties of a

related civil action recently filed in the United States District Court for the District of Columbia

titled **Payne v. Reyes, et al**.,Case #1:25-cv-03358-ACR, asserting claims under 42 U.S.C. §§

1985(2) and 1985(3). This related action arises directly from, and is factually and procedurally

intertwined with, the conduct at issue in the above-captioned FOIA matter and prior Case

1:25-cv-01952-ACR.

**Specifically, the newly filed action addresses:**

1. Retaliatory and discriminatory actions taken by Judge Ana C. Reyes after being served
   with a supervisory writ naming her as a respondent;

2. The improper reassignment of the FOIA matter to Judge Reyes despite structural and
   actual notice to the Clerk of Court and her chambers of conflict;

3. A coordinated pattern of obstruction, due process violations, and abuse of judicial process
   implicating multiple actors under color of law;

4. A prior ruling in this FOIA matter by Judge Reyes after she had actual notice of the
   supervisory writ, which now underpins newly asserted § 1985 claims.

1

5. This filing places the Court and all parties on constructive notice of:

- The existence and substance of the § 1985 civil rights litigation;

- The overlapping legal and factual issues between this FOIA case and the constitutional claims now pending;

- The structural compromise within the Clerk's Office and chambers due to notice of conflict and subsequent reassignment actions.

**MEMORANDUM OF LAW**

6. Under Federal Rule of Evidence 201 and principles of judicial integrity, courts may take judicial notice of filings in related proceedings. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Where structural conflicts and procedural irregularities arise, the judiciary has an affirmative obligation to protect the constitutional rights of litigants. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009).

7. The D.C. Circuit has emphasized that courts must avoid even the appearance of impropriety when judicial impartiality is at stake. See In re Brooks, 383 F.3d 1036, 1044 (D.C. Cir. 2004). Here, Plaintiff has submitted documentary proof that Judge Reyes was served with a supervisory writ on September 11, 2025, and that the Clerk's Office received similar notice on September 12, 2025, in the file of Judicial notice and on September 15, 2025, mail confirmation—the same day the FOIA case was reassigned to Judge Reyes after a notice of related case was filed.

8. This procedural sequence calls into question the neutrality and structural integrity of the court's internal processes. Plaintiff now formally places the Court and all parties on record of this conflict.

9.  Plaintiff does not seek any judicial action through this notice but requests that it be entered into the record and considered as part of the complete procedural background moving forward.

Date: 9/22/2025                                                     Respectfully submitted,

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd  day of September, 2025, I served a true and correct copy of the Verified Motion to Disqualify Judge Reyes and Memorandum of Law in Support via U.S. mail, postage prepaid, and/or by electronic service where applicable, upon the following:

- General Counsel, U.S. Department of Homeland Security
  Office of the General Counsel
  2707 Martin Luther King Jr. Avenue SE
  Washington, DC 20528
- U.S. Attorney for the District of Columbia
  Civil Process Clerk
  601 D Street NW
  Washington, DC 20530
- U.S. Department of Justice – Attorney General
  950 Pennsylvania Avenue NW
  Washington, DC 20530

Respectfully submitted,

_____

RAYON PAYNE, PRO SE

RECEIVED

SEP 2 2 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

    Plaintiff,

v.

ANA C. REYES,
DERRICK A. PETIT,
OLUWATOYIN ABEJIDE,
SHADAE BEAVER,
JOHN DOE 1-10,

    Defendants.

_____/

Civil Action No. _____

JURY TRIAL DEMANDED

Case: 1:25–cv–03358   JURY DEMAND
Assigned To : Reyes, Ana C.
Assign. Date : 9/22/2025
Description: Pro Se Gen. Civ. (F–DECK)

### COMPLAINT FOR DECLARATORY JUDGMENT
### PURSUANT TO 42 U.S.C. § 1985(2) and 1985(3)
### (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER COLOR OF LAW)

### PRELIMINARY STATEMENT

1. This civil action arises from a persistent and escalating violation of constitutional rights by individuals acting under color of federal authority—violations that implicate not only the structural integrity of judicial process, but the foundational principles enshrined in the United States Constitution.

2. Plaintiff, a Black immigrant from Guyana proceeding pro se, asserts claims under 42 U.S.C. §§ 1985(2) and 1985(3) not out of anger or spectacle, but to vindicate the explicit rights afforded to every person under the First, Fourth, Fifth, and Fourteenth Amendments. These rights have been trampled through coordinated acts of discrimination, obstruction, and retaliation spanning multiple federal forums.

3. This case began with a falsehood: a baseless assertion by U.S. immigration officials that Plaintiff had a disqualifying criminal conviction—a conviction that does not legally exist.

1