**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
     Plaintiff,

V.                                        Case #: 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS),
     Defendants.

_____/

**MOTION TO DISQUALIFY THE UNITED STATES DEPARTMENT OF JUSTICE**
**AS COUNSEL FOR DEFENDANT DHS IN THIS FOIA ACTION**

1. Plaintiff, Rayon Payne, pro se, respectfully moves this Court pursuant to Local Civil Rule 83.6, 28 U.S.C. § 516, and the Court's inherent authority to supervise the bar and safeguard the integrity of judicial proceedings, to disqualify the United States Department of Justice ("DOJ") from serving as counsel for Defendant U.S. Department of Homeland Security ("DHS") in this Freedom of Information Act (FOIA) action.

2. This motion is necessary to prevent the appearance and actuality of conflicted advocacy. DOJ attorneys are directly implicated in the factual misconduct at issue—namely, the suppression of Plaintiff's FOIA-requested Alien file ("A-File") while simultaneously using that file in parallel litigation against him. DOJ's continued representation creates an irreconcilable conflict of interest and undermines Plaintiff's due process rights. The accompanying memorandum of law explains the legal and ethical grounds for the requested relief.

1

## MEMORANDUM OF LAW

## I. FACTUAL CONTEXT

3. On July 16, 2025, Plaintiff submitted a FOIA request (Control No. NRC2025329738) for his full immigration A-File, maintained by USCIS—a sub-agency of DHS.

4. DOJ, representing USCIS in Payne v. USCIS, Case No. 1:25-cv-01952-ACR, filed a motion on August 20, 2025, seeking a 30-day extension, stating that it needed time "to review the record"—implicitly referencing Plaintiff's A-File.

5. Plaintiff simultaneously sought access to the same file in both FOIA and through a motion to compel in the § 1447(b) case. That motion was denied by Judge Reyes, depriving Plaintiff of equal access to a record being used against him.

6. On September 12, 2025, Plaintiff filed this FOIA lawsuit after learning that DHS had not fulfilled the request—and had apparently removed the request from the system.

7. DOJ is currently defending this action on behalf of DHS, even though its own attorneys:

   a. Participated in the misuse of the A-File in parallel litigation;

   b. Are named as defendants in a pending § 1985(3) civil conspiracy complaint involving the same factual nexus;

   c. Directly benefited from the unlawful withholding of the requested record.

## II. LEGAL AND ETHICAL BASIS FOR DISQUALIFICATION

### A. DOJ's Representation Violates Ethical Conflict Rules

8. Under Model Rule 1.7(a)(2), a lawyer must not represent a client if the representation is "materially limited" by the lawyer's own interests or obligations to another party. Here, DOJ cannot ethically represent DHS where:

   a. It is personally and institutionally implicated in the misconduct under review;

   b. It has a vested interest in shielding its attorneys' conduct from scrutiny;

c. It stands to benefit from judicial rulings suppressing the record at issue.

**B. DOJ's Participation Violates § 516 and Undermines Integrity**

9. Under 28 U.S.C. § 516, DOJ is empowered to represent the United States in legal matters "except as otherwise authorized by law." That authorization does not extend to circumstances where DOJ is:

a. A defendant or participant in the misconduct at issue;

b. Seeking to control a defense that is adverse to public transparency and the petitioner's rights.

**C. Disqualification is Warranted Where Counsel is Factually Entangled**

10. Courts have consistently disqualified government counsel where:

a. The same lawyers were witnesses or participants in the underlying misconduct (see Young v. U.S. ex rel. Vuitton, 481 U.S. 787 (1987));

b. The government's representation posed an actual or apparent conflict (see United States v. Trujillo, 302 F. Supp. 2d 1239 (D. Kan. 2004)).

11. This case mirrors those situations. DOJ attorneys were:

a. Advocating against Plaintiff while withholding material evidence (the A-File);

b. Denying access under FOIA while using the file to litigate against Plaintiff;

c. Named as co-defendants in a civil rights suit grounded in the same fact pattern.

**III. STRATEGIC USE OF DOJ TO BLOCK RECORDS VIOLATES DUE PROCESS**

12. This case involves not just delay—but deliberate obstruction. DOJ used the FOIA delay:

a. To gain exclusive access to the A-File;

b. To craft legal arguments against Plaintiff in other forums;

   c.   While denying Plaintiff any chance to respond on equal footing.

13. This undermines <u>Goldberg v. Kelly</u>, 397 U.S. 254 (1970), which guarantees access to the evidence used against a litigant; and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), which prohibits withholding material facts critical to due process.

## IV. RELIEF REQUESTED

Plaintiff respectfully moves this Court to:

   a.   Disqualify the United States Department of Justice from appearing as counsel for Defendant DHS in this FOIA matter.

   b.   Direct that DHS secure independent, conflict-free counsel unconnected to the DOJ and the ongoing § 1985(3) litigation.

   c.   Grant any additional relief deemed necessary to preserve the integrity of these proceedings and Plaintiff's right to a fair, conflict-free process.

Date: 9/25/2025                             Respectfully submitted,

                                        _____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th  day of September, 2025, I served a true and correct copy of the

following motion via U.S. mail, postage prepaid, and/or by electronic service where applicable,

upon the following:

- General Counsel, U.S. Department of Homeland Security
  Office of the General Counsel
  2707 Martin Luther King Jr. Avenue SE
  Washington, DC 20528

- U.S. Attorney for the District of Columbia
  Civil Process Clerk
  601 D Street NW
  Washington, DC 20530

- U.S. Department of Justice – Attorney General
  950 Pennsylvania Avenue NW
  Washington, DC 20530

Respectfully submitted,

_____
RAYON PAYNE, PRO SE

5