

Date: September 25, 2025

Clerk of Court
U.S. District Court for the District of Columbia
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: Formal Service of Petition for Writ of Mandamus and Related Filings Filed in the U.S. Court of Appeals for the D.C. Circuit

Dear Clerk of Court,

Please be advised that the enclosed documents are being provided as formal service pursuant to the filings submitted to the United States Court of Appeals for the District of Columbia Circuit on September 25, 2025.

Enclosed for your records are copies of the following:

1. Petition for Writ of Mandamus
2. Appendix in Support of Petition for Writ of Mandamus
3. Motion to Disqualify DOJ Attorney from Representation
4. Motion for Leave to File Electronically

These documents are submitted for informational and procedural purposes only, as required by the record.

Thank you for your attention.

Rayon Payne
Phone: 863-485-0550
8815 Conroy Windermere Rd
Ste# 208
Orlando, Fl 32835

RECEIVED
Mailroom

SEP 2 9 2025

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

1



Date: September 25, 2025

Clerk of Court
United States Court of Appeals
District of Columbia Circuit
333 Constitution Avenue, NW
Washington, D.C. 20001

Re: Submission of Petition for Writ of Mandamus and Related Filings

Dear Clerk of Court,

Please find enclosed the following documents for filing in the United States Court of Appeals for the District of Columbia Circuit:

1.  Petition for Writ of Mandamus
2.  Appendix in Support of Petition for Writ of Mandamus
3.  Motion to Disqualify DOJ Attorney from Representation
4.  Motion for Leave to File Electronically (E-Filing Access Request)
5.  Payment of Filing Fee (via money order)

These documents are submitted in accordance with the Federal Rules of Appellate Procedure and the Local Rules of the D.C. Circuit. I respectfully request that the Court docket the Petition and consider the accompanying filings accordingly.

Thank you for your attention and assistance.

Respectfully Yours

Rayon  Payne
Phone: 863-485-0550
8815 Conroy Windermere Rd
Ste# 208
Orlando, Fl 32835

1

Case No.: _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re: RAYON PAYNE
Petitioner.

## PETITION FOR WRIT OF MANDAMUS

ON PETITION FOR A WRIT OF MANDAMUS TO
THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

### Hon. Ana C. Reyes

Relates to Lower Court Cases
Payne v. USCIS - Case No.: 1:25-cv-01952-ACR
Payne v. DHS - Case No.: 1:25-cv-03186-ACR
Payne v. Reyes et al. - Case No.: 1:25-cv-03358-ACR

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd.
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

1

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 26.1 and Rule 28(a)(1) of the Federal Rules of

Appellate Procedure, the undersigned certifies that the following listed persons and

entities as described in the rules have an interest in the outcome of this case. These

representations are made so that the judges of this court may evaluate possible

disqualification or recusal.

1. **PETITIONER;**

   RAYON PAYNE, Pro se litigant and Petitioner in this supervisory writ.

2. **RESPONDENT,**

   Hon. Ana C. Reyes – U.S. District Judge for the District of Columbia,

   subject of this petition.

3. **RESPONDENT COURT:**

   U.S. District Court for the District of Columbia – The court whose

   proceedings are being challenged.

4. No corporate entities are involved in this case.


Date: 9/25/2025

_____
RAYON PAYNE, PRO SE

2

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ………………………………..    2

TABLE OF AUTHORITIES ………………………………….    4

JURISDICTIONAL STATEMENT …………………………….    5

STATEMENT OF FACTS ………………………………………    6

EMERGENCY GROUNDS FOR RELIEF ………………………    9

ARGUMENT …………………………………………………..    10

A. Legal Basis for Disqualification under 28 U.S.C. § 455 ………..    10

B. The All Writs Act and Supervisory Power of the Circuit ………    12

C. Application of Law to Facts: Improper Assignment and Judicial Misconduct ……………………………………………………    13

D. The Gravity of the Judicial Conflict Undermines Public Confidence in the Integrity of the Proceedings …………………    15

E. Judge Reyes' Involvement in the § 1985(3) Case Retroactively Taints Her Rulings in the FOIA and 1447(b) Actions ……..………    16

F. Statutory and Constitutional Violations, and the Evident Collusion to Suppress Petitioner's FOIA-Protected File …..….……    17

G. Referral to Judicial Oversight Authority Is Warranted Based on Established Pattern of Misconduct …………………………………    20

CONCLUSION ……………………………………………….    22

RELIEF SOUGHT …………………………………………….    24

CERTIFICATE OF COMPLIANCE …………………………..    26

CERTIFICATE OF SERVICE ………………………………..    27

# TABLE OF AUTHORITIES

## CASELAW

Liteky v. United States, 510 U.S. 540 (1994) ............................. 12

Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) .............. 12

United States v. Morgan, 346 U.S. 502 (1954) .......................... 14

Liljeberg v. Health Svcs. Acq. Corp. 486 U.S. 847 (1988) .............. 17

Brady v. Maryland, 373 U.S. 83 (1963) ................................. 18

Goldberg v. Kelly, 397 U.S. 254 (1970) ................................ 18

Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009) ............. 19

## STATUTE

8 U.S.C. § 1447(b) ..................................................... 6

42 U.S.C. § 1985(2) .................................................... 8

42 U.S.C. § 1985(3) .................................................... 8

28 U.S.C. § 1651(a) .................................................... 13

28 U.S.C. § 455(a) ..................................................... 11

28 U.S.C. § 455(b)(1) .................................................. 11

28 U.S.C. § 351(a) ..................................................... 21

28 U.S.C. § 351 ........................................................ 21

## RULES

FRAP 21................................................................. 2

FRAP 32(g)(1) .......................................................... 26

FRAP 21(d)(1) .......................................................... 26

FRAP 32(f) ............................................................. 26

4

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a), which authorizes federal appellate courts to issue extraordinary writs in aid of their jurisdiction. The petitioner invokes the Court's supervisory authority over the United States District Court for the District of Columbia to correct structural irregularities and to ensure the proper administration of justice where no other adequate means of relief exist. The supervisory writ is also governed by Federal Rule of Appellate Procedure 21, which permits a party to petition for a writ of mandamus or prohibition, or other extraordinary relief. The petitioner seeks the Court's intervention to vacate the reassignment of his civil actions to a judge alleged to have a personal conflict and against whom serious claims have been lodged, implicating constitutional violations and structural bias. This petition concerns proceedings currently pending before the United States District Court for the District of Columbia, and the petitioner has no adequate remedy by appeal, making this Court's intervention both necessary and appropriate.

## STATEMENT OF FACTS

Petitioner is a lawful permanent resident who filed an N-400 application for naturalization with USCIS. Despite lacking any disqualifying criminal conviction, USCIS denied the application based on a non-existent felony, a fabricated basis unsupported by legal record. Petitioner appealed through the N-336 process, and though USCIS reopened the case sua sponte, it administratively closed the appeal without a ruling and retained the filing fee.

Seeking to compel USCIS to act on the N-400 and N-336, Petitioner filed a writ of mandamus in the Middle District of Florida. That court failed to act. Given the history of structural bias in that district—already the subject of a supervisory writ pending before the U.S. Supreme Court—Petitioner voluntarily dismissed the mandamus action with prejudice and filed a new case under 8 U.S.C. § 1447(b) in the U.S. District Court for the District of Columbia, selecting a neutral forum for de novo review.

That case was assigned to Judge Ana C. Reyes. The Government requested a 30-day extension to respond, which Petitioner did not oppose. However, after the extension was granted, Petitioner moved to compel the production of his immigration "A-file," which was being used by the Government to build its defense in the ongoing litigation. The court denied Petitioner's motion, granting the

6

Government exclusive access to the file while depriving Petitioner of his statutory and constitutional right to review the same file—a clear due process violation.

Afterward, the Government moved to transfer the case back to the Middle District of Florida. Petitioner objected and sought a stay to preserve his appellate rights. Judge Reyes denied the motion to stay via a minute order—avoiding any formal appealable order—and proceeded to transfer the case, effectively pushing Petitioner back into a structurally compromised jurisdiction he had lawfully departed.

With no adequate appellate remedy available, Petitioner filed a Supervisory Writ to the U.S. Supreme Court on September 11, 2025, challenging Judge Reyes' procedural tactics, including the use of minute orders and her denial of access to the "A-file." Petitioner served the writ on Judge Reyes via chambers email and mailed copies to both the Clerk of the D.C. District Court and Chief Judge Boasberg. USPS records confirm delivery.

On September 12, 2025, Petitioner filed a FOIA lawsuit in the District of Columbia to obtain the same immigration "A-file" previously denied to him. Petitioner concurrently filed a Judicial Notice placing the Supervisory Writ into the court record. Although the case was initially assigned to Judge Dabney L. Friedrich, it was reassigned to Judge Reyes on September 15, 2025—after the Clerk had

7

received the supervisory notice and despite Judge Reyes being the subject of that writ.

Judge Reyes accepted the reassignment, issued rulings, and continued to preside over the case, even after having actual and constructive notice of a conflict. Petitioner moved to disqualify Judge Reyes, again citing the pending writ and due process concerns. Instead of issuing a written ruling, the Judge denied the motion through another minute order, further shielding her conduct from appellate review.

Petitioner then filed a civil rights action under 42 U.S.C. § 1985(2) and (3), alleging conspiracy, retaliation, and structural bias against Judge Reyes and DOJ attorneys. The Clerk was served with a structural bias notice and asked to route the case to the Chief Judge for review. Nonetheless, the case was reassigned to Judge Reyes—despite prior service of the Supervisory Writ and structural bias notice.

On July 13, 2025, Petitioner submitted a FOIA request to USCIS for access to the Alien File ("A-File") that was used as the evidentiary basis in the 1447(b) proceedings. Despite the file being critical to Petitioner's ability to fairly litigate the statutory claim, USCIS withheld all records prior to and during the pendency of the 1447(b) case. Only after Petitioner filed both the FOIA lawsuit on September 12, 2025, and the § 1985(3) complaint on September 22, 2025, did USCIS issue a partial response on September 23, 2025—releasing only some records while

8

withholding others in full or in part. This after-the-fact disclosure, coming weeks after Judge Reyes transferred the 1447(b) case without providing access to the file, raises serious due process and fairness concerns. The file's use in litigation—before it was disclosed—violates both statutory rights under FOIA and the foundational constitutional right to be heard with full knowledge of the evidence used.

## EMERGENCY GROUNDS FOR RELIEF

Petitioner respectfully asserts that the urgency of this writ stems from the continuing constitutional and statutory violations resulting from Judge Reyes's actions and her ongoing assignment to cases in which she is directly implicated. Following Judge Reyes's rulings in the 1447(b) matter—where she transferred the case while shielding her own conduct—the petitioner sought redress through a FOIA action to obtain critical records used against him. Despite notice of her involvement in related matters, Judge Reyes presided over the FOIA action and denied a motion to disqualify herself, even after receiving notice of a separate § 1985(3) civil rights lawsuit naming her as a defendant.

The judge's refusal to recuse herself under these circumstances violates due process and judicial ethics. This creates an intolerable structural defect, as she now sits as both a defendant and a presiding judge over matters that directly implicate

9

her impartiality. The risk of irreparable harm to Petitioner's constitutional rights is both immediate and continuing, warranting emergency intervention.

## ARGUMENT

### A. Legal Basis for Disqualification under 28 U.S.C. § 455

1. **Statutory Obligation to Disqualify**

    Under 28 U.S.C. § 455(a), any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) further requires recusal where the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts.

    The standard is objective, focusing not on whether the judge is actually biased, but whether a reasonable person, knowing all the circumstances, would question the judge's impartiality. The statute mandates recusal even absent actual bias to maintain public confidence in the integrity of the judiciary.

2. **Appearance of Impartiality and Structural Bias**

    The continued participation of Judge Reyes in these matters, particularly after receiving formal judicial and structural notice and being named in a supervisory writ to the United States Supreme Court, creates at minimum the

10

appearance of partiality. Her subsequent acceptance of reassignment and issuance of rulings—despite this clear record of conflict—amplifies the appearance of bias and supports a finding of structural judicial conflict.

3. **Liteky v. United States and Judicial Disqualification**

In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court held that bias or prejudice warranting recusal under § 455 must generally stem from extrajudicial sources. However, Liteky also reaffirmed that recusal is proper where "such a high degree of favoritism or antagonism as to make fair judgment impossible" is demonstrated. The Court emphasized the importance of protecting the appearance of fairness. Here, the assignment and rulings by Judge Reyes, in light of the prior supervisory writ, clearly cross the threshold of appearance-based recusal.

4. **Due Process and the Right to an Impartial Tribunal**

The Due Process Clause of the Fifth Amendment guarantees the right to a fair and impartial tribunal. In Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), the Supreme Court held that a judge's failure to recuse himself in the face of significant risk of actual bias constituted a violation of due process. Even in the absence of personal financial interest, circumstances that create a high probability of bias compel disqualification. In the present matter, Judge Reyes's prior involvement, her named status in a supervisory

11

writ, and her continued rulings post-notice meet and exceed the threshold set in Caperton.

## B. The All Writs Act and Supervisory Power of the Circuit

### 1. Authority Under 28 U.S.C. § 1651

The All Writs Act, 28 U.S.C. § 1651(a), authorizes all courts established by Act of Congress to issue "all writs necessary or appropriate in aid of their respective jurisdictions." This provision enables appellate courts to issue supervisory writs or writs of mandamus to correct serious abuses of discretion, especially when traditional appellate remedies are unavailable or inadequate.

### 2. Inadequacy of Ordinary Remedies and Use of Minute Orders

The minute order mechanism employed by Judge Reyes to deny motions to disqualify, after being served judicial and structural notice, operates to evade appellate review. Unlike signed orders, minute entries often do not trigger appeal rights. Courts have recognized that when a lower court insulates its rulings from meaningful review—intentionally or otherwise—extraordinary relief may be warranted.

Petitioner cannot appeal a minute order absent a formal ruling or written order. Thus, traditional remedies are unavailable, and the use of this procedural mechanism supports intervention under the All Writs Act.

12

3. **United States v. Morgan and Supervisory Jurisdiction**

In <u>United States v. Morgan</u>, 346 U.S. 502 (1954), the Court affirmed the judiciary's power to issue extraordinary writs to rectify miscarriages of justice where no other remedy exists. The doctrine was further reinforced in subsequent circuit court decisions holding that the extraordinary writ is proper when the lower court's actions represent a clear usurpation of power or abuse of discretion, and where immediate review is necessary to prevent irreparable harm.

Here, Petitioner faces structural denial of review rights and irreversible due process harm if supervisory intervention is not granted.

## C. Application of Law to Facts: Improper Assignment and Judicial Misconduct

1. **Notice and Knowledge of Conflict**

Judge Reyes was provided judicial notice and structural notice of her disqualifying interest in the cases at issue, including the earlier 1447(b) matter and the pending supervisory writ before the Supreme Court. These notices were formalized, filed in the record, and served. Despite this, she accepted reassignment in both the FOIA and 1985 cases and continued to rule on motions directly tied to her own conduct.

2. **Reassignment Despite Conflict and Prior Notice**

13

After the initial FOIA case was randomly assigned to another judge, the reassignment to Judge Reyes occurred despite actual and constructive notice of disqualifying factors. The same conduct occurred in the 1985 case, where the Clerk, again with notice, reassigned the matter to Judge Reyes. This repetitive reassignment in light of known conflict constitutes institutional misconduct and invites supervisory correction.

3. **Procedural Abuse via Minute Orders**

Judge Reyes has used unsigned minute orders to deny motions to disqualify and other relief. This procedural device functions to suppress appellate review, leaving Petitioner with no pathway to challenge bias within the normal rules of procedure. The persistent use of such orders in the face of well-founded motions for disqualification compounds the constitutional violation and makes circuit intervention imperative.

14

**D. The Gravity of the Judicial Conflict Undermines Public Confidence in the Integrity of the Proceedings**

1. The procedural posture in this matter is not merely unusual — it is structurally untenable. The District Court's docket now reflects Judge Reyes presiding over three sequentially connected matters: the 1447B action, the FOIA lawsuit, and the § 1985(3) conspiracy claim in which she is a named defendant. Each case builds upon the factual and legal foundation laid by the last, and each is now tainted by the judge's continued participation despite constitutionally and statutorily disqualifying circumstances.

2. The Clerk's Office, acting within its administrative capacity, issued a procedural deadline to ensure proper case management in the FOIA case. However, that action inadvertently highlights the judiciary's dilemma: despite notice of judicial disqualification, proceedings are continuing as though no conflict exists. This is not a critique of the administrative function — rather, it underscores the magnitude of the systemic breakdown that occurs when a sitting judge is both adjudicator and target of litigation in related matters.

3. The legal framework governing this conflict is not ambiguous. Under 28 U.S.C. § 455(a), a federal judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." The standard is objective, and it extends beyond actual bias to include the appearance

15

thereof. When a judge's conduct becomes the subject of a civil rights conspiracy claim — particularly one involving overlapping issues from her prior rulings — continued involvement erodes public trust and creates a procedural vortex that cannot be resolved within the same forum.

4. This situation is no longer speculative or procedural. It is a live conflict of interest that threatens the legitimacy of every ruling issued post-notice.

**E. Judge Reyes' Involvement in the § 1985(3) Case Retroactively Taints Her Rulings in the FOIA and 1447(b) Actions**

1. Judge Reyes is now both a defendant and the assigned judge in the § 1985(3) action. Judicial ethics, statutory mandates, and constitutional due process leave no room for equivocation: she must recuse. This obligation is non-discretionary and flows from the same legal principles that bar judges from adjudicating matters in which they have a personal interest.

2. Critically, Judge Reyes was served with judicial notice of this very fact — including an exhibit confirming the § 1985(3) case number and assignment — prior to issuing her denial of the motion to disqualify in the FOIA case. That denial, therefore, was rendered with full awareness that she was a named party in a live civil conspiracy complaint involving her own conduct.

3. This fact alone mandates vacatur. But the implications extend further. Because the § 1985(3) complaint references the 1447(b) matter as the origin

16

of the alleged conspiracy and misconduct, any ruling Judge Reyes issued in the FOIA case or 1447(b) after notice of disqualification must be deemed legally invalid. That includes the denial of access to the alien file, the denial of disqualification, and especially the order transferring the 1447(b) case back to a structurally biased forum in Florida.

4. As the Supreme Court held in <u>Liljeberg v. Health Svcs. Acq. Corp.</u> | 486 U.S. 847 (1988), when a judge violates § 455 and fails to recuse, "the risk of injustice to the parties… and the risk of undermining the public's confidence in the judicial process" justify vacatur. That standard applies with full force here.

## F. Statutory and Constitutional Violations, and the Evident Collusion to Suppress Petitioner's FOIA-Protected File

1. Petitioner was denied both statutory and constitutional rights by the coordinated actions of the Department of Justice (DOJ), Department of Homeland Security (DHS), and Judge Reyes. The A-File—central to Petitioner's 8 U.S.C. § 1447(b) naturalization challenge—was deliberately withheld while being actively used against him in litigation. This violated the Freedom of Information Act (FOIA), which mandates production of agency records requested by a party, especially when those records form the evidentiary basis of the government's case.

17

2. What makes this even more alarming is that the suppression was judicially sanctioned. Judge Reyes denied Petitioner's motion for access to the A-File in the 1447(b) proceeding through a minute order without legal reasoning or citation, and without government opposition. This deprived Petitioner of access to a file he was entitled to both under FOIA and due process. It was a core violation of Goldberg v. Kelly, 397 U.S. 254 (1970), which held that due process includes a meaningful opportunity to respond to evidence used by the state; and Brady v. Maryland, 373 U.S. 83 (1963), which held that withholding material evidence violates constitutional fairness.

3. Judge Reyes's refusal to grant access—or even require the DOJ to respond to the request—transformed her from neutral arbiter to active participant in the suppression of Petitioner's rights. Her silence in the face of statutory entitlement was not mere error; it was judicial endorsement of suppression. Then, after Petitioner filed a FOIA lawsuit to obtain the same file, the government—under pressure—partially released the file only on September 23, 2025. This was after Petitioner had filed (1) the FOIA lawsuit, (2) a judicial notice placing all parties on notice of Judge Reyes's conflict, and (3) a § 1985(3) civil conspiracy action naming Judge Reyes herself as a defendant.

18

4. The timing speaks volumes. The file was released not in compliance with law, but in reaction to legal pressure. The government only acted once Judge Reyes had issued a minute order denying her own disqualification—after having notice of the lawsuit naming her as a defendant. The belated release is a tacit admission: they had the file all along and withheld it to preserve their litigation advantage—something Judge Reyes enabled by denying access in the 1447(b) case.

5. The coordination is no longer speculative. DOJ and DHS would not have withheld the file unless they were confident that the presiding judge would shield that suppression from scrutiny. That is precisely what Judge Reyes did. She denied Petitioner statutory access, then denied disqualification after being placed on actual notice of a live federal case alleging civil conspiracy under § 1985(3) implicating her conduct. These are not parallel events; they are converging acts of institutional abuse.

6. The Supreme Court has warned against such scenarios in <u>Caperton v. A.T. Massey Coal Co.</u>, 556 U.S. 868 (2009), emphasizing that judicial recusal is constitutionally required where the risk of actual bias is high. Judge Reyes is not only under judicial scrutiny—she is a named defendant. Her continued rulings after notice of this status are constitutionally intolerable and structurally void. Her minute orders—which lack explanation or legal

citation—only reinforce that her role has become one of shield and protector for her own prior rulings, not neutral adjudicator.

7. Therefore, Petitioner respectfully asks this Court to retroactively vacate all rulings issued by Judge Reyes in the 1447(b) case, the FOIA lawsuit, and the § 1985(3) action. Supervisory intervention is not only warranted—it is necessary to restore the integrity of the judicial process and affirm that due process and statutory rights cannot be nullified through judicial concealment.

## G. Referral to Judicial Oversight Authority Is Warranted Based on Established Pattern of Misconduct

1. This is no longer a matter of conjecture. The record now establishes that Judge Reyes, while under notice of a pending § 1985(3) civil conspiracy complaint naming her as a defendant, ruled to deny a motion for her own disqualification in a separate FOIA action that implicates the same subject matter. Her denial occurred after she was constructively and actually notified of her status as a party in litigation—actions that violate the core principles of judicial ethics and due process.

2. The conduct documented across the 1447(b), FOIA, and § 1985(3) cases demonstrates not mere legal error but a sustained pattern of self-protective judicial maneuvering. The use of unsigned minute orders, strategic denials

20

without reasoning, and refusal to recuse after being formally noticed as a party-defendant constitutes not only an appearance of impropriety but active impairment of judicial integrity.

3. This conduct meets the referral threshold under 28 U.S.C. § 351(a), which authorizes judicial discipline mechanisms where a judge has engaged in conduct "prejudicial to the effective and expeditious administration of the business of the courts." As clarified by the Judicial Conduct and Disability Act, such misconduct includes improper judicial bias, failure to recuse under disqualifying circumstances, and any abuse of judicial authority.

4. Judge Reyes's rulings in these matters have not only denied Petitioner access to statutory and constitutional rights but have done so while shielding her own prior conduct from scrutiny. Her continuation as presiding judge in any of these matters undermines public confidence in the impartiality of the judiciary.

5. Accordingly, Petitioner respectfully asks this Court to issue a referral to the appropriate judicial oversight authority for investigation into Judge Reyes's conduct under 28 U.S.C. § 351 and Canon 2 of the Code of Conduct for United States Judges, which mandates that judges "avoid impropriety and the appearance of impropriety in all activities." This step is necessary to restore institutional credibility and ensure that judges may not insulate

themselves from accountability by denying recusal while actively implicated in live litigation.

## CONCLUSION

This supervisory writ arises from an extraordinary and constitutionally urgent sequence of judicial misconduct, structural improprieties, and statutory violations that have unfolded in tandem across three related proceedings: Petitioner's 1447(b) naturalization action, the subsequent FOIA lawsuit, and the civil rights action brought under 42 U.S.C. § 1985(3).

The record now demonstrates that Judge Reyes not only failed to recuse herself after actual and constructive notice of her implication in a civil rights conspiracy complaint, but affirmatively ruled to shield her own prior conduct by denying a motion to disqualify in the FOIA action—a proceeding directly connected to the very misconduct detailed in the § 1985(3) complaint. The denial occurred despite judicial notice and in conflict with well-established standards of due process and judicial ethics.

Further, the post hoc production of Petitioner's FOIA file by DHS—only after litigation was filed and after the file had already been used against Petitioner in judicial proceedings—confirms a pattern of collusion between agency actors and

22

the bench. It also substantiates Petitioner's allegation of prejudicial procedural manipulation designed to conceal constitutional and statutory violations.

These facts, coupled with the timing of minute orders, improper rulings, and Judge Reyes's continued jurisdiction over cases in which she is now a named defendant, present a systemic failure demanding supervisory correction.

Petitioner has exhausted all reasonable procedural avenues. The circumstances now require the Court's direct intervention to preserve judicial integrity, prevent irreparable harm, and restore public trust in the impartial administration of justice.

Accordingly, Petitioner respectfully requests that this Court issue the supervisory relief outlined herein—including retroactive vacatur, reassignment, and a referral for judicial oversight—as both necessary and legally compelled under the law and the Constitution.

## PRAYER FOR RELIEF

Petitioner respectfully requests that the D.C. Circuit issue a supervisory writ for the following relief:

1. **Immediate Vacatur of Judge Reyes's Assignment and All Rulings in FOIA Case (1:25-cv-03186-ACR):** Judge Reyes's continued presiding over this matter is a direct conflict of interest, particularly following her denial of a motion to disqualify herself after having received constructive notice that she was a named defendant in the related 42 U.S.C. § 1985(3) civil rights action. Her involvement as a defendant in a related case over which she is also the assigned judge precludes her from rendering impartial rulings. Petitioner therefore requests that all rulings in the FOIA case be vacated, including the denial of the disqualification motion.

2. **Immediate Vacatur of Judge Reyes's Assignment and Future Jurisdiction in 1985(3) Case (1:25-cv-03358-ACR):** Because Judge Reyes is a named defendant in this action and assigned to preside over it, such dual capacity violates both the appearance of justice and the ethical mandates of judicial neutrality under 28 U.S.C. § 455. Petitioner requests immediate vacatur of her assignment and preclusion from further rulings in this matter.

24

3. **Retroactive Vacatur of All Orders in the Immigration Case (1:25-cv-01952-ACR):** Petitioner respectfully requests that the Court vacate all rulings entered by Judge Reyes in the immigration case filed under 8 U.S.C. § 1447(b), Case No. 1:25-cv-01952-ACR. While the impropriety of Judge Reyes's actions in that case was not fully apparent at the time, her subsequent conduct in the related FOIA and § 1985(3) cases—including her refusal to recuse herself after receiving notice that she was a defendant—has now confirmed a pattern of conduct that undermines the appearance of impartiality. These later actions shed retrospective light on her earlier rulings and justify vacatur under well-established principles of due process and judicial ethics. Accordingly, the Petitioner requests that all rulings in the 1447(b) case, including the September 4, 2025 transfer order, be vacated as tainted by conflict and structural bias.

4. **Reassignment of All Three Cases to Neutral, Unconflicted Jurists:** Petitioner requests that each of the following cases be reassigned to different Article III judges unconnected to the events giving rise to this litigation: **FOIA Case:** 1:25-cv-03186-ACR, **1985(3) Case:** 1:25-cv-03358-ACR and **1447(b)** Case: 1:25-cv-01952-ACR

5. Petitioner further requests that this Court refer the conduct of Judge Ana C. Reyes to the appropriate judicial oversight authority (e.g. the Circuit Judicial

Council) pursuant to 28 U.S.C. §§ 351–354, so that further investigation or disciplinary action may be considered in light of the egregious conflicts and violations documented herein.

6. **Any Additional Relief the Court Deems Just and Proper:** In light of the extraordinary procedural posture and constitutional implications raised by the facts, Petitioner seeks any further relief the Court deems necessary to restore the appearance and reality of justice in these proceedings.

Date: 9/ 25/ 2025                                  Respectfully Submitted

_____

RAYON PAYNE, PRO SE

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY under Federal Rule of Appellate Procedure 32(g)(1) that this petition complies with the word limit set forth in Federal Rule of Appellate Procedure 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), that it contains 4986 words.

Date: 9/25/2025                                  _____

RAYON PAYNE, PRO SE

26

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of September, 2025, I caused a true and correct

copy of the foregoing Petition for Supervisory Writ and all accompanying exhibits

to be served as follows:

**Via Email**
Hon. Ana C. Reyes
United States District Judge
U.S. District Court for the District of Columbia
Email: Reyes_Chambers@dcd.uscourts.gov

**Via U.S. Mail**
Clerk of the Court
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, D.C. 20001

The Clerk of Court is served in their capacity as the administrative body of the

respondent court.

_____
RAYON PAYNE, PRO SE

27

**APP PAGE #1**

Case No.: _____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re: RAYON PAYNE
Petitioner.

## United States District Court for the District of Columbia

## Hon. Ana C. Reyes

Relates to Lower Court Cases

Payne v. USCIS - Case No.: 1:25-cv-01952-ACR

Payne v. DHS - Case No.: 1:25-cv-03186-ACR

Payne v. Reyes et al. - Case No.: 1:25-cv-03358-ACR

## APPENDIX IN SUPPORT FOR WRIT OF MANDAMUS

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd.
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

**APP PAGE #2**

## APPENDIX TABLE OF CONTENT

| APP # | DOCUMENT DESCRIPTION | PAGE # |
|---|---|---|
| APP 1 | Proof of Service of Supervisory Writ to U.S. Supreme Court (email or cover) Filed 9/11/2025 | 2 |
| APP 2 | FOIA Complaint (Payne v. DHS) Filed - 9/12/2025 | 5 |
| APP 3 | Petitioner Judicial Notice in FOIA case - Filed - 9/12/2025 | 7 |
| APP 4 | Judge Reyes issues ruling granting motion to EFiling in FOIA case. Filed - 9/15/2025 | 10 |
| APP 5 | Petitioner's Motion to Disqualify Judge Reyes in FOIA Case - Filed - 9/16/2025 | 12 |
| APP 6 | Complaint in 1985(3) Action (Payne v. Reyes et al.) Filed - 9/22/2025 | 19 |
| APP 7 | Petitioner notice of Structural Conflict file in 1985(3) action. Filed - 9/22/2025 | 21 |
| APP 8 | Petitioner file Judicial Notice in the FOIA case Dkt #6 | 35 |
| APP 9 | Judge Reyes denied the Motion to Disqualify after getting notice of the 1985(3) complaint. | 40 |
| APP 10 | DHS Response to FOIA request on 9/23/25 | 42 |
| APP 11 | Certificate of Service | 44 |

APP PAGE #3

# APP #1

APP PAGE #3

Case 1:25-cv-03186-ACR   Document 10   Filed 09/29/25   Page 33 of 84

 Gmail

Keko Mardi <kekomardi@gmail.com>

# Service of Supervisory Writ – Payne v. US District Court for the District of Columbia

1 message

**Keko Mardi** <kekomardi@gmail.com>                Thu, Sep 11, 2025 at 2:34 PM
To: Reyes_Chambers@dcd.uscourts.gov
Cc: derrick.petit@usdoj.gov, Oluwatoyin.Abejide@usdoj.gov, Shadae.Beaver@usdoj.gov

Dear Judge Reyes / Counsels,

Please be advised that pursuant to Rule 20 of the Rules of the Supreme Court of the United States, attached is a copy of the Supervisory Writ and accompanying documents, which is served upon you in compliance with the service requirements of the Court.

This writ involves matters in Payne v. USCIS, Case No. 1:25-cv-01952-ACR, arising under 28 U.S.C. § 1447(b) and other statutory provisions and is now pending before the Supreme Court. The attached documents are being provided for your records and to ensure full notice to all interested parties..

Respectfully,

Rayon Payne

NOTICE
This email message and any attachments contain information which may be privileged and confidential. If you are not the intended recipient or have received this transmission in error, please notify the sender immediately and destroy all electronic and hard copies of the communication, including attachments. Any disclosure, copying, distribution or use of this information is strictly prohibited. Please consider the environment before printing this e-mail.

**5 attachments**

**Payne - IFP DC Writ Motion.pdf**
140K

**Payne - Certificate DC Writ .pdf**
157K

**Payne - Protective Order.pdf**
138K

**Payne - US Supreme Court Letter.pdf**
113K

**Payne - US DC Writ.pdf**
15693K

APP PAGE #5

# APP #2

APP PAGE DISTRICT COURT
DISTRICT OF CO...

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

    Plaintiff,

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS)

    Defendant.

_____/

Case: 1:25–cv–03186
Assigned To : Friedrich, Dabney L.
Assign. Date : 9/12/2025
Description: FOIA/Privacy Act (I–DECK)

Civil Action No. _____

**RECEIVED**

SEP 12 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## NOTICE OF JUDICIAL NOTICE OF SUPERVISORY WRIT FILED WITH THE UNITED STATES SUPREME COURT

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Rayon Payne respectfully provides notice to this Court and all Parties of a Supervisory Writ filed with the United States Supreme Court on September 11, 2025, arising from the same chain of events and judicial conduct that underpin the present action.

## BACKGROUND

On September 11, 2025, Plaintiff filed a Supervisory Writ with the United States Supreme Court under its Rule 20 and the All Writs Act, 28 U.S.C. § 1651, seeking relief for conduct stemming from litigation initially filed in this district (Payne v. United States Citizenship and Immigration Services, 1:25-cv-01952), in which Plaintiff was denied access to a government file through both FOIA and a statutory proceeding under 8 U.S.C. § 1447(b). The supervisory writ outlines allegations of improper denial of statutory rights, obstruction of access to records, and improper transfer of the § 1447(b) case to the Middle District of Florida—a district already implicated in related pending writs and allegations of structural bias.

APP PAGE #7

# APP #3

**APP PAGE #8**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

      Plaintiff,

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS)

      Defendant.

_____/

Case: 1:25−cv−03186
Assigned To : Reyes, Ana C.
Assign. Date : 9/12/2025
Description: FOIA/Privacy Act (I−DECK)

Civil Action No. _____

### NOTICE OF JUDICIAL NOTICE OF SUPERVISORY
### WRIT FILED WITH THE UNITED STATES SUPREME COURT

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Rayon Payne respectfully

provides notice to this Court and all Parties of a Supervisory Writ filed with the United States

Supreme Court on September 11, 2025, arising from the same chain of events and judicial

conduct that underpin the present action.

### BACKGROUND

On September 11, 2025, Plaintiff filed a Supervisory Writ with the United States Supreme Court

under its Rule 20 and the All Writs Act, 28 U.S.C. § 1651, seeking relief for conduct stemming

from litigation initially filed in this district (Payne v. United States Citizenship and Immigration

Services, 1:25-cv-01952), in which Plaintiff was denied access to a government file through both

FOIA and a statutory proceeding under 8 U.S.C. § 1447(b). The supervisory writ outlines

allegations of improper denial of statutory rights, obstruction of access to records, and improper

transfer of the § 1447(b) case to the Middle District of Florida—a district already implicated in

related pending writs and allegations of structural bias.



**RECEIVED**

SEP 12 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

1

Case 1:25-cv-03186-ACR   Document 3   Filed 09/12/25   Page 2 of 2

**APP PAGE #9**

## PURPOSE

This notice is submitted for the limited purpose of apprising this Court and Parties of the related

pending action and not for review of that proceeding. This information is provided in the interest

of judicial economy and transparency, and to avoid any potential conflicts or duplicative

findings.

Date: 9/ 12 /2025

Respectfully submitted,

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

2

# APP #4

**Full docket text:**

MINUTE ORDER granting [4] Motion for CM/ECF Password. The Clerk's Office will reach out to help grant access. Signed by Judge Ana C. Reyes on 09/15/2025. (lcacr2)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 09/22/2025 20:48:59 | | | |
| **PACER Login:** | folks9595 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-03186-ACR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

APP PAGE #12

# APP #5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
     Plaintiff,

V.                                     Case #: 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS),
     Defendants.
_____/

**VERIFIED MOTION TO DISQUALIFY JUDGE REYES**

COMES NOW the Plaintiff, Rayon Payne, pro se, and pursuant to 28 U.S.C. § 455(a) and (b)(1),

respectfully moves this Honorable Court to disqualify the Hon. Judge Ana C. Reyes from

presiding over this action. This motion is grounded in the appearance of partiality and actual

conflict due to Judge Reyes' prior and direct involvement in proceedings involving the same

Plaintiff, same federal file (A-File), and same adverse parties. In further support, Plaintiff

submits the following Memorandum of Law.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISQUALIFY**

**I. INTRODUCTION**

This motion arises from a critical question of judicial impartiality and the integrity of

proceedings involving the Department of Homeland Security (DHS), Department of Justice

(DOJ), and a Plaintiff seeking access to his immigration file. Judge Reyes previously presided

over a related action involving the same file and the same Plaintiff, during which her

rulings—including the use of minute orders and a venue transfer—are now under review by the

United States Supreme Court via a pending supervisory writ. Given this background, her

continued involvement in this FOIA action places the appearance of justice at risk.

1

Case 1:25-cv-03186-ACR   Document 5   Filed 09/16/25   Page 2 of 5

APP PAGE #14

## II. LEGAL STANDARD

Federal law mandates disqualification under two key subsections of 28 U.S.C. § 455:

a. § 455(a): Any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

b. § 455(b)(1): Disqualification is also required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

The test under § 455(a) is an objective one: whether a reasonable person, knowing all the facts, would question the judge's impartiality. Disqualification is required not only in cases of actual bias but also where there is an appearance of bias that undermines confidence in the judiciary.

## III. GROUNDS FOR DISQUALIFICATION

### A. Prior Judicial Involvement in Related Action

Judge Reyes presided over the Plaintiff's prior case under 8 U.S.C. § 1447(b), in which the same immigration file—the A-File—was the central subject. In that matter, Judge Reyes issued minute orders that denied Plaintiff's statutory right to access his own file, denied his motions without full explanation, and ultimately transferred the matter back to a conflicted venue. This conduct is currently under scrutiny via a supervisory writ pending before the Supreme Court.

### B. Same Subject Matter, Same Parties

This FOIA case directly concerns the same A-File that was withheld and used against Plaintiff in the § 1447(b) case. The Defendants are the same government agencies and attorneys involved in both cases. Thus, the facts, parties, and legal issues are so intertwined that impartial adjudication by Judge Reyes in this case is objectively questionable.

2

Case 1:25-cv-03186-ACR    Document 5    Filed 09/16/25    Page 3 of 5

APP PAGE #15

## C. Appearance of Impropriety

The prior conduct at issue—including use of minute orders to block substantive motions, the timing of decisions, and denial of rights—casts a cloud over the impartiality of future rulings in this case. The reasonable observer would question whether Judge Reyes can fairly preside over this matter without the appearance of attempting to retroactively justify her previous decisions.

## IV. CONTROLLING CASE LAW

a. Offutt v. United States, 348 U.S. 11 (1954): Justice must satisfy the appearance of justice. A judge embroiled in a controversy or whose impartiality is in doubt must recuse.

b. Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009): Due process requires recusal when there is a serious risk of actual bias based on earlier proceedings.

c. Numerous Circuit and District Court decisions have similarly held that prior involvement in related litigation or conduct at issue in appellate review justifies disqualification under § 455.

## V. APPLICATION TO THIS CASE

The United States Supreme Court has been served with a supervisory writ challenging Judge Reyes' actions in the previous case. Her assignment to this case—arising from the same facts and targeting the same agencies—presents an unavoidable appearance of conflict. Any future rulings by Judge Reyes may be perceived as attempts to influence or control the narrative of past rulings that are under scrutiny.

Furthermore, Judge Reyes' actions are not only central to the Plaintiff's claims in this case, but her judicial discretion has already been implicated as part of ongoing constitutional review. As such, continued participation would diminish the appearance of impartial justice.

3

APP PAGE #16

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. GRANT this Motion to Disqualify Judge Ana C. Reyes;

2. REASSIGN this case to a different Article III judge with no involvement in related prior proceedings;

3. Order that all further rulings in this matter be made through formal judicial orders and not minute orders, to ensure transparency.

## VERIFICATION

I, Rayon Payne, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed on this 16th day of September, 2025.

Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of September, 2025, I served a true and correct copy of the

Verified Motion to Disqualify Judge Reyes and Memorandum of Law in Support via U.S. mail,

postage prepaid, and/or by electronic service where applicable, upon the following:

- General Counsel, U.S. Department of Homeland Security
  Office of the General Counsel
  2707 Martin Luther King Jr. Avenue SE
  Washington, DC 20528

- U.S. Attorney for the District of Columbia
  Civil Process Clerk
  601 D Street NW
  Washington, DC 20530

- U.S. Department of Justice – Attorney General
  950 Pennsylvania Avenue NW
  Washington, DC 20530

Respectfully submitted,

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

5

APP PAGE #18

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
          Plaintiff,

V.                                                    Case #: 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS),
          Defendants.
_____/

**[PROPOSED] ORDER GRANTING PLAINTIFF'S VERIFIED MOTION TO DISQUALIFY JUDGE REYES**

Upon consideration of Plaintiff Rayon Payne's Verified Motion to Disqualify Judge Reyes and the accompanying Memorandum of Law in Support, the Court finds that there exists a reasonable question as to the impartiality of Judge Reyes in this matter.

Accordingly, it is hereby:

ORDERED that the Motion is GRANTED;

FURTHER ORDERED that Judge Reyes is hereby DISQUALIFIED from presiding over this matter;

FURTHER ORDERED that this case shall be REASSIGNED to a different judge in accordance with this Court's standard reassignment procedures.

SO ORDERED.

Dated: _____

_____
United States District Judge

APP PAGE #19

# APP #6

APP #6

APP PAGE #20

RECEIVED

SEP 2 2 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

    Plaintiff,

v.

ANA C. REYES,
DERRICK A. PETIT,
OLUWATOYIN ABEJIDE,
SHADAE BEAVER,
JOHN DOE 1-10,

    Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

Case: 1:25−cv−03358    JURY DEMAND
Assigned To : Reyes, Ana C.
Assign. Date : 9/22/2025
Description: Pro Se Gen. Civ. (F−DECK)

## COMPLAINT FOR DECLARATORY JUDGMENT
## PURSUANT TO 42 U.S.C. § 1985(2) and 1985(3)
## (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER COLOR OF LAW)

### PRELIMINARY STATEMENT

1. This civil action arises from a persistent and escalating violation of constitutional rights by individuals acting under color of federal authority—violations that implicate not only the structural integrity of judicial process, but the foundational principles enshrined in the United States Constitution.

2. Plaintiff, a Black immigrant from Guyana proceeding pro se, asserts claims under 42 U.S.C. §§ 1985(2) and 1985(3) not out of anger or spectacle, but to vindicate the explicit rights afforded to every person under the First, Fourth, Fifth, and Fourteenth Amendments. These rights have been trampled through coordinated acts of discrimination, obstruction, and retaliation spanning multiple federal forums.

3. This case began with a falsehood: a baseless assertion by U.S. immigration officials that Plaintiff had a disqualifying criminal conviction—a conviction that does not legally exist.

I

# APP #7

APP PAGE #22

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

     Plaintiff,

v.                                                     Civil Action No. _____

ANA C. REYES,
DERRICK A. PETIT,
OLUWATOYIN ABEJIDE,
SHADAE BEAVER,
JOHN DOE 1-10,

     Defendants.

_____/

## NOTICE TO THE CLERK OF COURT OF STRUCTURAL CONFLICT AND REQUEST FOR ADMIN. REVIEW BY THE CHIEF JUDGE OF THE D.C. CIRCUIT

Plaintiff respectfully files this Notice to bring to the Clerk of Court's attention a structural conflict within the U.S. District Court for the District of Columbia concerning this action and respectfully requests administrative review and guidance by the Chief Judge of the U.S. Court of Appeals for the District of Columbia Circuit.

### BACKGROUND

1. On or about September 21, 2025, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. §§ 1985(2) and 1985(3), asserting claims of civil rights conspiracy and retaliation by named federal officers and officials.

2. On September 11, 2025, Plaintiff served Judge Ana C. Reyes, DOJ Attorneys with a Supervisory Writ addressed to the United States Supreme Court, and the Clerk of this Court in which Judge Reyes's conduct in 1:25-cv-01952-ACR PAYNE v. USCIS (D.D.C.), was directly challenged on constitutional grounds. See Exhibit (1).

1

APP PAGE #25

3.  The Supervisory Writ was mailed and confirmed as delivered to the Clerk's Office on September 15, 2025. Judge Reyes was served electronically on September 11, 2025. See Exhibit (2).

4.  On September 12, 2025, Plaintiff filed a related FOIA lawsuit Case 1:25-cv-03186-ACR PAYNE v DHS, and included in that filing a Judicial Notice containing the Supervisory Writ—making the supervisory challenge a matter of public record in the court file. See Exhibit (3).

5.  Despite clear notice, on September 12, 2025, and mail confirmation the FOIA case was reassigned to Judge Reyes, who then proceeded to issue a ruling on electronic service, thereby entangling herself in a matter that directly implicated her own conduct.

**STRUCTURAL CONFLICT AND THE NEED FOR ADMINISTRATIVE REVIEW**

6.  The reassignment of the FOIA case to Judge Reyes after formal service of a Supervisory Writ, combined with her decision to adjudicate matters in that case, creates a structural conflict of interest. This undermines judicial neutrality and due process.

7.  The situation compromises the appearance of impartiality, raises questions about coordination between chambers and the clerk's office, and places the entire bench of this District Court in a compromised posture.

8.  Plaintiff therefore respectfully requests that this matter be referred to the Chief Judge of the U.S. Court of Appeals for the D.C. Circuit for administrative review and guidance.

2

## MEMORANDUM OF LAW

### I. Judicial Integrity and the Appearance of Impartiality

9. The Due Process Clause of the Fifth Amendment guarantees litigants an impartial tribunal. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009). Judges must avoid even the appearance of impropriety (Code of Conduct for U.S. Judges, Canon 2).

10. Formal service of a supervisory challenge followed by judicial entanglement constitutes not only an appearance of bias but a procedural breach of due process.

### II. Administrative Oversight by Circuit Chief Judges

11. Pursuant to 28 U.S.C. § 332(d)(1), the Chief Judge of the Circuit holds administrative oversight of district courts. Administrative intervention is proper where institutional integrity is at issue, particularly involving judicial conduct, reassignment, or inter-office missteps.

### RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Acknowledge the existence of a structural conflict in this District Court;

2. Refer the matter to the Chief Judge of the D.C. Circuit for administrative review;

3. Temporarily suspend any judicial assignment in this matter until further direction from the D.C. Circuit;

4. Provide any further relief necessary to preserve constitutional integrity.

**APP PAGE #25**

Date: 9/22/2025                                    Respectfully submitted,

_(signature)_

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies that no parties have been served with the Complaint or any associated

pleadings at this time. Plaintiff is requesting that service be executed by the United States

Marshals Service pursuant to Federal Rule of Civil Procedure 4(c)(3). Upon the Court's ruling on

the motion for protective service, Plaintiff will ensure that all named Defendants are served with

the Complaint, the motion, and all relevant pleadings in accordance with the Court's instructions.

Date: 9/22/2025                                    Respectfully submitted,

_(signature)_

RAYON PAYNE, PRO SE

4

APP PAGE #26

# EXHIBIT (1)

5

Gmail - Service of Supervisory Writ – Payne v. US District Court for the District of Columbia    Case 1:25-cv-03186-ACR    Document 10    Filed 09/29/25    Page 56 of 84    9/21/25, 5:39 PM

APP PAGE #27

 Gmail

Keko Mardi <kekomardi@gmail.com>

# Service of Supervisory Writ – Payne v. US District Court for the District of Columbia



**Keko Mardi** <kekomardi@gmail.com>                                    Thu, Sep 11, 2025 at 2:34 PM
To: Reyes_Chambers@dcd.uscourts.gov
Cc: derrick.petit@usdoj.gov, Oluwatoyin.Abejide@usdoj.gov, Shadae.Beaver@usdoj.gov

Dear Judge Reyes / Counsels,

Please be advised that pursuant to Rule 20 of the Rules of the Supreme Court of the United States, attached is a copy of the Supervisory Writ and accompanying documents, which is served upon you in compliance with the service requirements of the Court.

This writ involves matters in Payne v. USCIS, Case No. 1:25-cv-01952-ACR, arising under 28 U.S.C. § 1447(b) and other statutory provisions and is now pending before the Supreme Court. The attached documents are being provided for your records and to ensure full notice to all interested parties..

Respectfully,

Rayon Payne

NOTICE
This email message and any attachments contain information which may be privileged and confidential. If you are not the intended recipient or have received this transmission in error, please notify the sender immediately and destroy all electronic and hard copies of the communication, including attachments. Any disclosure, copying, distribution or use of this information is strictly prohibited. Please consider the environment before printing this e-mail.

---

**5 attachments**

📄 **Payne - IFP DC Writ Motion.pdf**
140K

📄 **Payne - Certificate DC Writ .pdf**
157K

📄 **Payne - Protective Order.pdf**
138K

📄 **Payne - US Supreme Court Letter.pdf**
113K

📄 **Payne - US DC Writ.pdf**
15693K

APP PAGE #28

# EXHIBIT (2)

**APP PAGE #29**

# USPS Tracking®

FAQs >

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

(https://reg.usps.com/xsell?

app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

✕

Your item was delivered to the front desk, reception area, or mail room at 3:04 pm on September 15, 2025 in WASHINGTON, DC 20001.

_____

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

WASHINGTON, DC 20001
September 15, 2025, 3:04 pm

WASHINGTON, DC 20001
September 15, 2025, 6:10 am

WASHINGTON, DC 20018
September 15, 2025, 3:44 am

September 14, 2025

Case 1:25-cv-03186-ACR    Document 10    Filed 09/29/25    Page 59 of 84

**APP PAGE #30**

WASHINGTON DC DISTRIBUTION CENTER
September 13, 2025, 8:47 pm

WASHINGTON DC DISTRIBUTION CENTER
September 13, 2025, 4:06 pm

WASHINGTON DC DISTRIBUTION CENTER
September 13, 2025, 3:57 pm

WASHINGTON DC DISTRIBUTION CENTER
September 13, 2025, 11:01 am

September 13, 2025, 10:33 am

September 13, 2025, 8:10 am

PHILLIPSBURG, NJ 08865
September 13, 2025, 6:18 am

September 13, 2025, 5:47 am

PHILLIPSBURG, NJ 08865
September 12, 2025, 11:00 pm

September 12, 2025, 2:49 pm

September 12, 2025, 7:48 am

**APP PAGE #31**

SEMINOLE-ORLANDO FL
DISTRIBUTION CENTER
September 12, 2025, 3:40 am

SEMINOLE-ORLANDO FL
DISTRIBUTION CENTER
September 11, 2025, 8:36 pm

ORLANDO, FL 32811
September 11, 2025, 5:19 pm

ORLANDO, FL 32811
September 11, 2025, 2:30 pm

**Hide Tracking History**

What Do USPS Tracking Statuses
Mean?
(https://faq.usps.com/s/article/Where-is-
my-package)

**Text & Email Updates**                                    ⌄

**USPS Tracking Plus®**                                     ⌄

**Product Information**                                     ⌄

**See Less** ⌃

Track Another Package

**APP PAGE #32**

# Need More Help?

Contact USPS Tracking support for further assistance.

[ **FAQs** ]

Feedback

APP PAGE #33

# EXHIBIT (3)

APPEALS DISTRICT COURT
DISTRICT OF CO...

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

    Plaintiff,

V.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS)

    Defendant.

_____/

Case: 1:25–cv–03186
Assigned To : Friedrich, Dabney L.
Assign. Date : 9/12/2025
Description: FOIA/Privacy Act (I–DECK)

Civil Action No. _____

**RECEIVED**

SEP 1 2 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## NOTICE OF JUDICIAL NOTICE OF SUPERVISORY WRIT FILED WITH THE UNITED STATES SUPREME COURT

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff Rayon Payne respectfully provides notice to this Court and all Parties of a Supervisory Writ filed with the United States Supreme Court on September 11, 2025, arising from the same chain of events and judicial conduct that underpin the present action.

## BACKGROUND

On September 11, 2025, Plaintiff filed a Supervisory Writ with the United States Supreme Court under its Rule 20 and the All Writs Act, 28 U.S.C. § 1651, seeking relief for conduct stemming from litigation initially filed in this district (Payne v. United States Citizenship and Immigration Services, 1:25-cv-01952), in which Plaintiff was denied access to a government file through both FOIA and a statutory proceeding under 8 U.S.C. § 1447(b). The supervisory writ outlines allegations of improper denial of statutory rights, obstruction of access to records, and improper transfer of the § 1447(b) case to the Middle District of Florida—a district already implicated in related pending writs and allegations of structural bias.

APP PAGE #35

# APP #8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,
 Plaintiff,

V.                 Case #: 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, (DHS),
 Defendants.

_____/

### NOTICE OF RELATED ACTION AND STRUCTURAL CONFLICT
### (With Incorporated Memorandum of Law)

Plaintiff Rayon Payne hereby submits this judicial notice informing the Court and all parties of a related civil action recently filed in the United States District Court for the District of Columbia titled **Payne v. Reyes, et al.**, Case #1:25-cv-03358-ACR, asserting claims under 42 U.S.C. §§ 1985(2) and 1985(3). This related action arises directly from, and is factually and procedurally intertwined with, the conduct at issue in the above-captioned FOIA matter and prior Case 1:25-cv-01952-ACR.

### Specifically, the newly filed action addresses:

1. Retaliatory and discriminatory actions taken by Judge Ana C. Reyes after being served with a supervisory writ naming her as a respondent;

2. The improper reassignment of the FOIA matter to Judge Reyes despite structural and actual notice to the Clerk of Court and her chambers of conflict;

3. A coordinated pattern of obstruction, due process violations, and abuse of judicial process implicating multiple actors under color of law;

4. A prior ruling in this FOIA matter by Judge Reyes after she had actual notice of the supervisory writ, which now underpins newly asserted § 1985 claims.

1

5. This filing places the Court and all parties on constructive notice of:

- The existence and substance of the § 1985 civil rights litigation;

- The overlapping legal and factual issues between this FOIA case and the constitutional claims now pending;

- The structural compromise within the Clerk's Office and chambers due to notice of conflict and subsequent reassignment actions.

## MEMORANDUM OF LAW

6. Under Federal Rule of Evidence 201 and principles of judicial integrity, courts may take judicial notice of filings in related proceedings. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Where structural conflicts and procedural irregularities arise, the judiciary has an affirmative obligation to protect the constitutional rights of litigants. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009).

7. The D.C. Circuit has emphasized that courts must avoid even the appearance of impropriety when judicial impartiality is at stake. See In re Brooks, 383 F.3d 1036, 1044 (D.C. Cir. 2004). Here, Plaintiff has submitted documentary proof that Judge Reyes was served with a supervisory writ on September 11, 2025, and that the Clerk's Office received similar notice on September 12, 2025, in the file of Judicial notice and on September 15, 2025, mail confirmation—the same day the FOIA case was reassigned to Judge Reyes after a notice of related case was filed.

8. This procedural sequence calls into question the neutrality and structural integrity of the court's internal processes. Plaintiff now formally places the Court and all parties on record of this conflict.

2

APP PAGE #38

9. Plaintiff does not seek any judicial action through this notice but requests that it be entered into the record and considered as part of the complete procedural background moving forward.

Date: 9/22/2025                                                    Respectfully submitted,

                                                                  RAYON PAYNE, PRO SE
                                                                  8815 Conroy Windermere Rd
                                                                  Ste. #208
                                                                  Orlando Florida 32835
                                                                  Tel: 863-485-0550
                                                                  Email: kekomardi@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2025, I served a true and correct copy of the

Verified Motion to Disqualify Judge Reyes and Memorandum of Law in Support via U.S. mail,

postage prepaid, and/or by electronic service where applicable, upon the following:

- General Counsel, U.S. Department of Homeland Security
  Office of the General Counsel
  2707 Martin Luther King Jr. Avenue SE
  Washington, DC 20528
- U.S. Attorney for the District of Columbia
  Civil Process Clerk
  601 D Street NW
  Washington, DC 20530
- U.S. Department of Justice – Attorney General
  950 Pennsylvania Avenue NW
  Washington, DC 20530

                                                                  Respectfully submitted,

                                                                  RAYON PAYNE, PRO SE

3

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RECEIVED

SEP 2 2 2025

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

RAYON PAYNE,

    Plaintiff,

v.

    Civil Action No. _____

    JURY TRIAL DEMANDED

ANA C. REYES,
DERRICK A. PETIT,
OLUWATOYIN ABEJIDE,
SHADAE BEAVER,
JOHN DOE 1-10,

    Defendants.

_____/

Case: 1:25-cv-03358   JURY DEMAND
Assigned To : Reyes, Ana C.
Assign. Date : 9/22/2025
Description: Pro Se Gen. Civ. (F-DECK)

**COMPLAINT FOR DECLARATORY JUDGMENT
PURSUANT TO 42 U.S.C. § 1985(2) and 1985(3)
(CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER COLOR OF LAW)**

**PRELIMINARY STATEMENT**

1. This civil action arises from a persistent and escalating violation of constitutional rights by individuals acting under color of federal authority—violations that implicate not only the structural integrity of judicial process, but the foundational principles enshrined in the United States Constitution.

2. Plaintiff, a Black immigrant from Guyana proceeding pro se, asserts claims under 42 U.S.C. §§ 1985(2) and 1985(3) not out of anger or spectacle, but to vindicate the explicit rights afforded to every person under the First, Fourth, Fifth, and Fourteenth Amendments. These rights have been trampled through coordinated acts of discrimination, obstruction, and retaliation spanning multiple federal forums.

3. This case began with a falsehood: a baseless assertion by U.S. immigration officials that Plaintiff had a disqualifying criminal conviction—a conviction that does not legally exist.

1

APP PAGE #40

# APP #9

**Full docket text:**

MINUTE ORDER denying [5] Motion to Disqualify Judge. While Plaintiff cites to 28 U.S.C. § 455, Plaintiff does not point to any facts meeting the standard contained in that statute. That the Court transferred Plaintiff's immigration case, No. 25-cv-1952, to a more suitable forum without deciding the merits does not "reasonably" raise questions about its "impartiality" to adjudicate this FOIA case, *id*. § 455(a), nor constitute "personal bias or prejudice concerning a party," *id*. § 455(b)(1). Plaintiff's Motion otherwise makes only conclusory statements about the Court's ability to fairly adjudicate this case. The Court DENIES the Motion. Signed by Judge Ana C. Reyes on 09/22/2025. (lcacr2)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/22/2025 20:57:59 | | |
| **PACER Login:** | folks9595 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-03186-ACR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

APP PAGE #42

# APP #10

Case 1:25-cv-03186-ACR    Document 10    Filed 09/29/25    Page 71 of 84

APP PAGE #42

APPENDIX E   PAGE #43

**U.S. Citizenship and Immigration Services**

Submit Request  |  My Requests  |  Resources ▾  |  Sign Out ▾

← Back

## Control Number: NRC2025329738

### FOIA/PA STATUS CHECK

### DOCUMENT LIBRARY

1. Added on 09/23/2025: ResponsiveRecord_3_of_3.pdf
2. Added on 09/23/2025: ResponsiveRecord_1_of_3.pdf
3. Added on 09/23/2025: ResponsiveRecord_2_of_3.pdf
4. Added on 09/23/2025: Partial Denial for FOIA_PD_6.pdf
5. Added on 07/16/2025: Ack Letter - Complex_4.pdf

# APP #11

### CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of September, 2025, I caused a true and correct

copy of the foregoing Appendix served as follows:

**Via Email**
Hon. Ana C. Reyes
United States District Judge
U.S. District Court for the District of Columbia
Email: Reyes_Chambers@dcd.uscourts.gov

**Via U.S. Mail**
Clerk of the Court
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, D.C. 20001

The Clerk of Court is served in their capacity as the administrative body of the

respondent court.

RAYON PAYNE, PRO SE
8815 CONROY WINDERMERE RD
STE. #208
ORLANDO, FL 32835
PH: 863-485-0550
EMAIL: kekomardi@gmail.com

Case No.: _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re: RAYON PAYNE
Petitioner.

v.

HON. ANA C. REYES
Respondent

## MOTION FOR LEAVE TO FILE FUTURE
## DOCUMENTS ELECTRONICALLY

Petitioner Rayon Payne, appearing pro se, respectfully moves this Court for leave

to file future documents electronically in the above-captioned matter pursuant to

the Court's electronic filing procedures.

**In support of this motion, Petitioner states:**

1. Petitioner is filing the initial Petition for Writ of Mandamus and supporting

   appendix by mail in accordance with current filing requirements for pro se

   litigants.

2. Petitioner respectfully requests permission to file all subsequent documents

   electronically, including any responses, motions, or supplemental filings,

1

through the Court's CM/ECF system using his email

kekomardi@gmail.com.

3. Petitioner agrees to comply with all rules governing electronic filing in the

   D.C. Circuit and understands that e-filing privileges are contingent on

   registration through PACER and adherence to CM/ECF procedures.

4. Granting this motion will serve judicial efficiency, reduce administrative

   delays, and ensure prompt communication with the Court.

WHEREFORE, Petitioner respectfully requests that the Court grant leave to file

future submissions electronically in this proceeding.

Date: 9/25/2025

RAYON PAYNE, PRO SE
8815 CONROY WINDERMERE RD
STE. #208
ORLANDO, FL 32835
PH: 863-485-0550
EMAIL: kekomardi@gmail.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of September, 2025, I caused a true and correct

copy of the foregoing Appendix served as follows:

**Via Email**
Hon. Ana C. Reyes
United States District Judge
U.S. District Court for the District of Columbia
Email: Reyes_Chambers@dcd.uscourts.gov

**Via U.S. Mail**
Clerk of the Court
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, D.C. 20001

The Clerk of Court is served in their capacity as the administrative body of the

respondent court.

_____
RAYON PAYNE, PRO SE

3

Case No.: _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

In re: RAYON PAYNE
Petitioner.

v.

HON. ANA C. REYES
Respondent

## MOTION TO DISQUALIFY THE U.S. DEPARTMENT OF JUSTICE
## AS COUNSEL FOR JUDGE ANA C. REYES

Petitioner, Rayon Payne, pro se, respectfully moves this Court under D.C. Circuit

Rule 27(a)(2), 28 U.S.C. § 516, and the All Writs Act, 28 U.S.C. § 1651(a), to

disqualify the United States Department of Justice ("DOJ") from appearing as

counsel for Judge Ana C. Reyes in this supervisory writ proceeding. DOJ's

appearance would create a direct and incurable conflict of interest, compromise the

impartial administration of justice, and risk shielding misconduct in which DOJ is

institutionally implicated.

This motion is supported by the accompanying Memorandum of Law, which

outlines the factual and legal basis for the relief sought.

## MEMORANDUM OF LAW

## I. FACTUAL FOUNDATION

On September 11, 2025, Petitioner filed a supervisory writ to the U.S. Supreme Court contesting Judge Reyes's rulings in a § 1447(b) naturalization case and related procedural abuses.

On September 12, 2025, Petitioner filed a FOIA action seeking access to his A-File—records which had been used against him but withheld by USCIS.

On September 22, 2025, Petitioner filed a civil rights action under 42 U.S.C. § 1985(3), naming both DOJ attorneys and Judge Reyes as defendants based on allegations of conspiracy and constitutional violations.

Judge Reyes presided over the FOIA litigation after being served notice of her status as a named defendant in the § 1985(3) suit and refused to recuse herself despite this conflict.

DHS/USCIS released parts of the A-File on September 23, 2025, only after the FOIA and § 1985(3) suits were filed, and after Judge Reyes denied disqualification—highlighting the strategic withholding of material evidence. The DOJ is not merely an advocate in these proceedings—it is a potential co-beneficiary of rulings by Judge Reyes that suppressed Petitioner's statutory rights.

These facts collectively establish DOJ's deep institutional entanglement in the misconduct alleged—disqualifying it from neutrally representing a judicial officer in this context.

## II. LEGAL PRINCIPLES SUPPORTING DISQUALIFICATION

### A. Limits of DOJ Representation under 28 U.S.C. § 516

28 U.S.C. § 516 authorizes the DOJ to conduct litigation "in which the United States, or any agency or officer thereof is a party." However, this authority is bounded by ethical and institutional constraints—especially where DOJ's own conduct is implicated. Representing Judge Reyes here is not just legally questionable—it weaponizes DOJ's litigation powers to protect its own institutional interests from scrutiny.

### B. Ethical Conflict under Model Rule 1.7

Under Model Rule 1.7(a)(2), a lawyer (or agency) must not represent a client if the representation will be materially limited by the lawyer's responsibilities to another client or by the lawyer's own interests. DOJ cannot simultaneously:

- Defend its own decisions in the FOIA and naturalization matters, and

- Represent a federal judge whose rulings may have insulated DOJ misconduct.

- Such representation crosses ethical lines and creates a material limitation rendering DOJ unfit to appear.

## C. Precedent on Government Counsel Conflicts

Federal courts have long acknowledged and enforced disqualification where government counsel faces institutional conflicts:

- Young v. U.S. ex rel. Vuitton et Fils S.A., 481 U.S. 787 (1987) – Bars conflicted prosecutorial conduct when the advocate has a personal stake.

- United States v. Trujillo, 302 F. Supp. 2d 1239 (D. Kan. 2004) – Disqualified government counsel due to internal agency conflicts.

- Wheat v. United States, 486 U.S. 153 (1988) – Emphasized that protecting the integrity of proceedings can justify disqualification even over client preference.

DOJ's role in this case is precisely the type of entangled conflict these decisions prohibit.

## III. DOJ'S INSTITUTIONAL INTERESTS UNDERMINE NEUTRALITY

DOJ's stake is not merely derivative of Judge Reyes's role—it is direct. DOJ attorneys are defendants in the § 1985(3) civil rights suit and were directly involved in:

- Withholding the A-File during litigation, and

- Arguing against Petitioner's motions without disclosing exculpatory

  material.

This creates an appearance (and likelihood) of institutional self-dealing, making

DOJ's representation of Judge Reyes fundamentally improper.

## IV. TIMING: DISQUALIFICATION BEFORE APPEARANCE

Disqualification must occur before DOJ formally enters this matter. Allowing DOJ

to participate would:

- Entrench the conflict,

- Taint the appellate record, and

- Deny Petitioner the constitutional guarantee of a fair forum.

Disqualifying conflicted counsel after-the-fact cannot undo structural harm.

Preventive action is not just procedural—it is a due process safeguard.

## V. RELIEF REQUESTED

For the reasons stated above, Petitioner respectfully requests that this Court:

1. Disqualify the U.S. Department of Justice from representing Judge Ana C.

   Reyes in this supervisory writ proceeding.

2. Direct that any legal representation of Judge Reyes be conducted by

   independent, conflict-free counsel unconnected to DOJ.

3. Grant any further relief necessary to preserve structural impartiality and due process in this appellate matter.

Date: 9/ 25/ 2025                           Respectfully Submitted

_____
RAYON PAYNE, PRO SE

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY under Federal Rule of Appellate Procedure 32(g)(1) that this petition complies with the word limit set forth in Federal Rule of Appellate Procedure 21(d)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), that it contains 1127 words.

Date: 9/25/2025                           _____
                                          RAYON PAYNE, PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of September, 2025, I caused a true and correct copy of the foregoing Petition for Supervisory Writ and all accompanying exhibits to be served as follows:

**Via Email**
Hon. Ana C. Reyes
United States District Judge
U.S. District Court for the District of Columbia
Email: Reyes_Chambers@dcd.uscourts.gov

**Via U.S. Mail**
Clerk of the Court
U.S. District Court for the District of Columbia
333 Constitution Avenue NW
Washington, D.C. 20001

The Clerk of Court is served in their capacity as the administrative body of the respondent court.

RAYON PAYNE, PRO SE

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to D.C. Circuit Rule 26.1 and Rule 28(a)(1) of the Federal Rules of

Appellate Procedure, the undersigned certifies that the following listed persons and

entities as described in the rules have an interest in the outcome of this case. These

representations are made so that the judges of this court may evaluate possible

disqualification or recusal.

1. **PETITIONER;**

   RAYON PAYNE, Pro se litigant and Petitioner in this supervisory writ.

2. **RESPONDENT,**

   Hon. Ana C. Reyes – U.S. District Judge for the District of Columbia,

   subject of this petition.

3. **RESPONDENT COURT:**

   U.S. District Court for the District of Columbia – The court whose

   proceedings are being challenged.

4. No corporate entities are involved in this case.


Date: 9/25/2025

_____
RAYON PAYNE, PRO SE