UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,
    Plaintiff,

V.                                     Civil Action No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, (DHS)
    Defendant.
_____/

**PLAINTIFF'S MOTION FOR RELIEF FROM STANDING
ORDER 25-55 AND FOR ENTRY OF CLERK DEFAULT UNDER RULE 55(a)
WITH MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Plaintiff Rayon Payne, proceeding pro se, and respectfully moves this Honorable Court to:

1. Grant relief from the application of Standing Order 25-55 in this FOIA action;

2. Direct the Clerk of Court to enter default against Defendant United States Department of Homeland Security (DHS) pursuant to Federal Rule of Civil Procedure 55(a);

3. Disqualify the presiding judge, Hon. Ana C. Reyes, due to established structural conflicts and violations of federal law; and

4. Grant all further relief deemed just and proper.

This motion is based upon the following factual background and legal arguments:

**I. PROCEDURAL BACKGROUND**

5. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in which Plaintiff seeks his immigration A-file.

6. Defendant was served on or before September 16, 2025, making its responsive deadline October 16, 2025, pursuant to FOIA's 30-day statutory response window.

7. As of the date of this filing, Defendant has filed no appearance, no answer, and no motion.

1

8. On October 1, 2025, Standing Order 25-55 was issued in light of a federal shutdown. However, the application of that order to this case is neither required nor appropriate.

## II. RELIEF FROM STANDING ORDER 25-55 IS WARRANTED

The Court should disregard Standing Order 25-55 as applied to this action for the following reasons:

### A. Defendant and Court Benefited From Procedural Misconduct

9. Defendant has benefited from the unlawful concealment of Plaintiff's A-file, including in Payne v. USCIS, 1:23-cv-01952, where DOJ used the A-file against Plaintiff but denied him access to it under FOIA.

10. Judge Ana C. Reyes, the presiding judge in both that immigration case and this FOIA matter, ordered a transfer of the 1447(b) petition in that case in direct violation of 8 U.S.C. § 1447(b), which explicitly vests jurisdiction solely in the district court and prohibits transfer.

11. The concealment of Plaintiff's A-file and the statutory violation in the immigration case directly taint this FOIA matter. Equitable extensions such as those provided under Standing Order 25-55 should not apply when Defendant and the Court have unclean hands.

## III. ENTRY OF CLERK DEFAULT IS MANDATORY UNDER RULE 55(a)

12. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

13. Plaintiff has submitted all documents required:

   a. Affidavit of service confirming timely service and non-response;

    b.   Declaration under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931;

    c.   Certificate of Service under Standing Order 25-55, Sec. 2.

14. The Clerk does not have discretion to withhold default entry. See <u>Meehan v. Snow</u>, 652 F.2d 274 (2d Cir. 1981); and <u>Thompson v. Wooster</u>, 114 U.S. 104 (1885).

### IV. MEMORANDUM OF LAW ON STRUCTURAL CONFLICT, BIAS, AND STATUTORY VIOLATION

**A. Unlawful Transfer under 8 U.S.C. § 1447(b)**

15. Section 1447(b) confers exclusive jurisdiction to district courts over certain immigration applications and explicitly omits any provision for transfer. The D.C. District Court had no authority to transfer Plaintiff's case to Florida.

16. Judge Reyes ordered or facilitated this transfer in violation of clear statutory command. Such action is not a legal error—it is a constitutional breach under separation of powers and due process.

17. Reyes is now presiding over this FOIA matter in which Plaintiff seeks access to the very file that was unlawfully withheld during the prior proceedings she oversaw. Her continued presence violates 28 U.S.C. § 455(a) and (b).

18. In <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847 (1988), the Supreme Court made clear that the appearance of impartiality is essential, and a judge who has entangled herself in prior misconduct must step aside.

**B. DOJ's Benefit From the Court's Misconduct**

19. DOJ is now benefiting from relief under Standing Order 25-55, while the prejudice to the Plaintiff is ongoing. The extension of time should not benefit a party with unclean hands—particularly where the delay is tied to unlawful procedural concealment.

20. To grant such relief would endorse and extend the prejudice stemming from DOJ's earlier misconduct and the Court's own statutory violations.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.  Grant relief from Standing Order 25-55 as applied to this matter;

b.  Direct the Clerk of Court to immediately enter default under Rule 55(a);

c.  Set a briefing schedule on default judgment under Rule 55(b);

d.  Order the recusal of Judge Ana C. Reyes, or refer the disqualification issue to the Chief Judge for immediate review;

e.  Grant any other relief the Court deems necessary to cure the ongoing due process violations and maintain judicial integrity.

Date: 10/28/2025                                      Respectfully submitted,

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10/28/2025, I electronically filed the foregoing "Motion for Relief from Standing Order 25-55 and for Entry of Clerk Default" with the Clerk of Court using the CM/ECF system and further served a copy on Defendant by electronic mail in accordance with Standing Order 25-55, Section 2, at the following email address:

**USADC.ServiceCivil@usdoj.gov**

This service is consistent with the Court's directive for all civil filings involving the United States during the period of reduced operations.

Respectfully submitted,

Date: 10/28/2025                                    Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

5