UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,

Plaintiff,

v.

DEP'T OF HOMELAND SECURITY,

Defendant.

Civil Action No. 1:25-cv-03186 (ACR)

## ANSWER

Defendant U.S. Citizenship and Immigration Services ("USCIS"), a component of the U.S. Department of Homeland Security ("DHS") respectfully submits this Answer to Plaintiff's Complaint, ECF No. 1, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies each allegation of the Complaint not expressly admitted in its Answer and admits, denies, or otherwise responds to the numbered paragraphs of the Complaint as follows:

### I. PRELIMINARY STATEMENT

1.      The allegations contained in Paragraph 1 consist of Plaintiff's reason for filing this action to which no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 1.

2.      Defendant admits receiving a FOIA request from Plaintiff on July 13, 2025. Defendant respectfully refers the Court to the cited request for a full and fair statement of its content. Defendant admits acknowledging the request and assigning the request FOIA tracking number NRC2025329738.  Defendant denies the remaining allegations in this paragraph and avers that it responded to Plaintiff's FOIA request on September 23, 2025.

1

3.      The allegations raised in paragraph 3 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations in paragraph 3.

4.      The allegations raised in paragraph 4 relate to a separate case filed by Plaintiff and such allegations are not relevant to the facts of this FOIA complaint. To the extent a response is required, Defendant deny the allegations in paragraph 4.

5.      The allegations raised in paragraph 5 relate to a separate case filed by Plaintiff which are not relevant to the facts of this FOIA complaint. To the extent a response is required, Defendant denies the allegations in paragraph 5.

## II. JURISDICTION AND VENUE

6.      The allegations contained in Paragraph 6 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms and conditions of the FOIA and pursuant to 5 U.S.C. § 552(a)(4)(B).

7.      The allegations contained in Paragraph 7 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B).

## III. PARTIES

8.      Defendant lacks sufficient information and knowledge to form a belief as to the truth of the allegations in paragraph 8.

9.      Defendant DHS only admits that it is a federal agency headquartered in Washington, DC.  By way of further response, Defendant denies any allegations inconsistent therewith and denies the additional allegations in this paragraph. Defendant avers that DHS FOIA

processing is decentralized, meaning each component, including USCIS, processes its own FOIA requests.

## IV. FACTUAL ALLEGATIONS

10.     Paragraph 10 consists of Plaintiff's characterization of himself, to which no response is required, as well as Plaintiff's characterization concerning his alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

11.     Paragraph 11 consists of Plaintiff's characterization concerning his alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

12.     Paragraph 12 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

13.     Paragraph 13 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

14.     Defendant admits receiving a FOIA request from Plaintiff seeking a copy of this A-file and assigning the request tracking number NRC2025329738.  Defendant respectfully refers the Court to the cited request for a full and fair statement of its content.  Defendant admits acknowledging receipt of the request by letter dated July 16, 2025.  Defendant denies the remaining allegations in this paragraph.

3

15. Paragraph 15 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

16. Paragraph 16 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

17. Paragraph 17 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

18. Paragraph 18 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required.

19. Paragraph 19 consists of Plaintiff's characterization concerning a case he has filed over alleged immigration benefits, not allegations of fact pertinent to the resolution of the claims at issue in this FOIA action to which a response would be required, except to deny that Plaintiff's FOIA request vanished from Defendant's system.

20. Defendant denies the allegations in this paragraph and aver that the facts in this FOIA case are not relevant to Plaintiff's separate case regarding allegations over immigration benefits.

21. Defendant denies the allegations in this paragraph and aver that the facts in this FOIA case are not relevant to Plaintiff's separate case regarding allegations over immigration benefits.

## V. REQUEST FOR EXPEDITED PROCESSING

22.    Defendant admits that Plaintiff requested expedited processing of his request and respectfully refers the Court to the cited request for a full and accurate statement of the request.

23.    Defendant denies the allegations in this paragraph and aver that the facts in Plaintiff's separate case regarding allegations over immigration benefits is not relevant to the facts in this FOIA case.

24.    Defendant denies the allegations in this paragraph and avers that Plaintiff was properly advised that his request did not warrant expedited processing per the DHS regulations. Defendant respectfully refers the Court to the acknowledgement letter dated July 16, 2025, which fully describes the basis for the denial. Further, Defendant avers that any issue regarding expedited processing is now moot as Defendant has responded to Plaintiff's FOIA request.

## VI. CLAIM FOR RELIEF: VIOLATION OF FOIA

25.    Defendant incorporates its responses to the allegations in the preceding paragraphs as if fully set forth herein.

26.    The allegations in paragraph 26 amount to a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 26.

27.    Defendant denies allegations in paragraph 27 and aver that USCIS responded to Plaintiff's FOIA request on September 23, 2025.

28.    Defendant denies the allegations in paragraph 28 and aver that the facts in Plaintiff's case concerning alleged immigration benefits is not relevant to the facts in this FOIA litigation case.

29.    The allegations in paragraph 29 are legal conclusions to which no response is required.

## VII. PRAYER FOR RELIEF

The paragraph beginning "WHEREFORE" and subparagraphs numbered 1- 6 consist of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies the allegations and denies that Plaintiff is entitled to the relief he seeks, or to any relief at all.

## AFFIRMATIVE AND OTHER DEFENSES

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raised the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff is not entitled to relief beyond what the FOIA provides.

## THIRD DEFENSE

Plaintiff is not eligible for nor entitled to attorneys' fees and costs.

## FOURTH DEFENSE

Plaintiff is not entitled to compel the production of any records exempt from disclosure by one or more exemptions to the FOIA, 5 U.S.C. §552.

## FIFTH DEFENSE

Plaintiff fails to reasonably describe the records sought.

6

Dated:  December 8, 2025
        Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____/s/_____

    KENNETH ADEBONOJO
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202)252-2562

*Attorneys for the United States of America*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that I caused a copy of the foregoing Motion to Enlarge Time to File Defendants'

Reply to be served upon Plaintiff as follows:

RAYON SHERWIN PAYNE, *pro se*
8815 Conroy Windermere Rd
Ste #208
Orlando, FL 32835

        /s/
KENNETH ADEBONOJO
Assistant United States Attorney