**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
     Plaintiff,

V.                                                                                        Civil No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
     Defendant.
_____/


**RENEWED MOTION FOR RECUSAL AND DISQUALIFICATION UNDER 28 U.S.C. § 455; REQUEST FOR RULING ON PENDING RELIEF MOTION & MOTION TO STAY**

COMES NOW Plaintiff Rayon Payne, appearing pro se, and pursuant to 28 U.S.C. § 455(a) and

(b), respectfully moves for the recusal and disqualification of the Honorable Judge Ana C. Reyes

from further proceedings in this matter, due to, Active conflicts of interest, Appearance of

judicial partiality, and Judge Reyes being the named subject of two pending U.S. Supreme Court

writs and an open judicial misconduct complaint.

Plaintiff further moves this Court to issue a ruling on the pending Motion for Relief from

Standing Order 25-55, and stay all further proceedings pending resolution of this Motion for

Recusal and disqualification under federal law. This Motion is supported by the judicial record,

procedural history, pending appellate actions, and governing law.

1

## I. PROCEDURAL POSTURE

### A. Defendant Failed to Respond

Plaintiff served DHS on or before September 16, 2025. Pursuant to Fed. R. Civ. P. 12(a)(2), and 5 U.S.C. § 552(a)(6)(A) (FOIA response deadlines), Defendant's answer or responsive pleading was due within 30 days, on or before October 16, 2025 but none was filed.

### B. Clerk Refused to Enter Default

On October 27, 2025, Plaintiff filed a Motion for Entry of Default under Rule 55(a), which provides: *"When a party… has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."* However, the Clerk declined to act, citing the Court's Standing Order 25-55, which blocks automatic default entry absent judicial relief.

### C. Court Has Not Ruled on Relief Motion

On October 28, 2025, Plaintiff filed a Motion for Relief from Standing Order 25-55, asking the Court to allow the Clerk to comply with Rule 55(a).

To date the Clerk has not entered default, the Court has issued no ruling on Plaintiff's motion for relief. Yet, on December 9, 2025, the Court issued a Minute Order resetting deadlines and requiring a Joint Status Report by January 30, 2026, giving the Defendant additional time after default had matured — prejudicing Plaintiff and undermining Rule 55.

## II. JUDICIAL CONFLICTS DEMAND DISQUALIFICATION

### A. Reyes Is Named in Two Active Supreme Court Petitions

Plaintiff has filed two Writs of Mandamus before the U.S. Supreme Court, both docketed on December 5, 2025, involving Procedural obstruction under 28 U.S.C. § 1447(b), unlawful venue transfers. repeated evasion of constitutional scrutiny via unsigned or unexplained orders; and

systematic denial of FOIA rights. Judge Ana C. Reyes is the named subject in both filings (Case Nos. 25-655 and 25-656), and those petitions are pending and unresolved.

## B. Judicial Misconduct Complaint Is Pending

Plaintiff also filed Judicial Complaint DC-25-90057 with the Office of the Circuit Executive on November 5, 2025, alleging, Structural bias, Use of standing orders to frustrate litigant rights, Inconsistent application of rules favoring government agencies. That complaint remains open.

### III. LEGAL BASIS FOR DISQUALIFICATION

## A. Disqualification Is Required by Law

Under 28 U.S.C. § 455(a), a judge must disqualify herself "In any proceeding in which [her] impartiality might reasonably be questioned." And under § 455(b)(5)(i). A judge must also disqualify herself when she is "a party to the proceeding" or has "personal knowledge of disputed evidentiary facts concerning the proceeding."

Judge Reyes is the subject of two ongoing Supreme Court proceedings, the target of an active judicial misconduct complaint, and currently presiding over matters where her own impartiality is at issue.

## B. Continued Involvement Creates Structural Prejudice

Plaintiff's motion for relief remains unruled upon the Court reset deadlines to benefit the government after default had matured. Judge Reyes continues to exercise judicial power in a case where her conduct is under direct appellate and administrative review. This raises severe due process issues and violates Liteky v. United States, 510 U.S. 540 (1994), and Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988).

## IV. PRAYER FOR RELIEF

Plaintiff respectfully moves this Court to:

a.  Immediately disqualify and recuse Judge Ana C. Reyes from further proceedings under

    28 U.S.C. § 455(a) and (b);

b.  Refer this matter to the Chief Judge of the U.S. District Court for the District of

    Columbia for reassignment;

c.  Rule without delay on Plaintiff's Motion for Relief from Standing Order 25-55;

d.  Stay all further proceedings pending resolution of this Motion;

e.  Take judicial notice of:

- SCOTUS filings: Case Nos. 25-655 and 25-656;

- Judicial Complaint: DC-25-90057;

f.  Grant any other relief this Court deems just and proper.

Date: 12/11/2025                        Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12/11/2025, I electronically filed the foregoing pleading with the

Clerk of Court using the CM/ECF system and further served a copy on Defendant by electronic

mail.

Respectfully submitted,

_____
RAYON PAYNE, PRO SE

# EXHIBIT (1)

 Search documents in this case: [                    ] Search

---

## No. 25-655

Title: **In Re Rayon Payne, Petitioner**

Docketed: December 5, 2025

---

## Proceedings and Orders

Aug 21 2025    Petition for a writ of mandamus filed. (Response due January 5, 2026)

**Petition    Appendix    Certificate of Word Count
Proof of Service**

---

## Attorneys

**Attorneys for Petitioner**

Rayon Payne

8815 Conroy Windermere Rd., Ste. #208
Orlando, FL 32835

info@folksalert.com
Ph: (863) 485-0550

Party name: Rayon Payne

 **Search documents in this case:** [                    ]  Search

---

## No. 25-656

| | |
|---|---|
| Title: | **In Re Rayon Payne, Petitioner** |
| Docketed: | December 5, 2025 |

---

## Proceedings and Orders

Nov 28 2025  Petition for a writ of mandamus filed. (Response due January 5, 2026)

**Petition    Appendix    Certificate of Word Count
Proof of Service**

---

## Attorneys

**Attorneys for Petitioner**

Rayon Payne

8815 Conroy Windermere Rd., Ste. #208
Orlando, FL 32835

info@folksalert.com
Ph: (863) 485-0550

Party name: Rayon Payne

# EXHIBIT (2)

# OFFICE OF THE CIRCUIT EXECUTIVE

### UNITED STATES COURTS OF THE
### DISTRICT OF COLUMBIA CIRCUIT

Spencer Hallett
Circuit Executive
202.216.7340

Room 4726
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, D.C. 20001

November 21, 2025

Mr. Rayon Payne
8815 Conroy Windermere Road
Suite 208
Orlando, FL 32835

Re: Judicial Complaint No. DC-25-90057

Dear Mr. Payne:

Your complaint dated November 5, 2025, alleging judicial misconduct by a judge of the U.S. District Court for the District of Columbia, was received on November 10, 2025, and filed on November 19, 2025. It has been assigned Judicial Complaint No. DC-25-90057. Please use this number on any future correspondence pertaining to your complaint.

Sincerely,

Spencer Hallett
Circuit Executive

# EXHIBIT (3)

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,
    Plaintiff,

V.                                        Civil Action No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, (DHS)
    Defendant.
_____/

## AMENDED MOTION FOR ENTRY OF DEFAULT

COMES NOW Rayon Payne, Plaintiff request(s) that the clerk of court enter default against

Jermain Carlos Diaz, Defendant pursuant to Fed. R. Civ. P. 55(a) and (b)(1). In support of this

request Plaintiff relies upon the record in this case and the affidavit submitted herein.

Date: 10/27/2025                                Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th  day of October, 2025, I served a true and correct copy of the

following motion via U.S. mail, postage prepaid, and/or by electronic service where applicable,

upon the following:

- **General Counsel, U.S. Department of Homeland Security**
  Office of the General Counsel
  2707 Martin Luther King Jr. Avenue SE
  Washington, DC 20528
- **U.S. Attorney for the District of Columbia**
  Civil Process Clerk
  601 D Street NW
  Washington, DC 20530
- **U.S. Department of Justice – Attorney General**
  950 Pennsylvania Avenue NW
  Washington, DC 20530

Respectfully submitted,

_____

RAYON PAYNE, PRO SE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,
    Plaintiff,

V.                               Civil Action No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, (DHS),
    Defendant.

_____ //

## AFFIDAVIT IN SUPPORT OF MOTION FOR DEFAULT

I, RAYON PAYNE , declare under penalty of perjury that the following facts are true and correct to the best of my information and belief:

1. I am the attorney for the plaintiff in this action.

2. I am the plaintiff in this Freedom of Information Act (FOIA) action against the Department of Homeland Security (DHS), seeking production of my immigration "A-file" under FOIA request..

3. On [Date of Service], I properly served the complaint and summons upon DHS in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. Proof of service has been filed with the court at docket #8.

4. As of the date of this affidavit, DHS has failed to file any answer, motion, or responsive pleading within the time prescribed by law.

5. To the best of my knowledge and belief, the defendant is not an infant, incompetent person, or currently serving in the military service as defined by the Servicemembers Civil Relief Act.

6. DHS has acknowledged receipt of my FOIA request but has not complied with the statutory time limits to produce responsive documents or provide a final determination.

3

7. The defendant's failure to appear or defend in this matter has caused delay and prejudice to my right to obtain timely access to records critical to related ongoing litigation.

I respectfully request that the Clerk enter default against DHS pursuant to Fed. R. Civ. P. 55(a) and (b)(1).

Date: 10/27/2025

**RAYON PAYNE, PRO SE**
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: info@folksalert.com

(NOTARY SEAL)        Name:_____   Date: _____

Personally Known _____ OR Produced Identification _____

Type of Identification Produced_____

Please see attached
document a

4

**FLORIDA JURAT**
FS 117.05(13)

State of Florida

County of __Orange__ }

Sworn to (or affirmed) and subscribed before me by means of

☒ Physical Presence,

— OR —

☐ Online Notarization,

this __27th__ day of __October__ __2025__, by

Day            Month            Year

__Rayon Payne__
Name of Person Swearing or Affirming

_____
Signature of Notary Public — State of Florida

__Milyany Calo__
Name of Notary Typed, Printed or Stamped

☐ Personally Known

☒ Produced Identification

Type of Identification Produced: _____

__FLDL__

MILYANNY CALO
Notary Public - State of Florida
Commission # HH 453707
My Comm. Expires Jan 2⁴, 2028

*Place Notary Seal Stamp Above*

---

— **OPTIONAL** —

*Completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: __Affidavit In Support of Motion for Default__

Document Date: __10/27/2025__          Number of Pages: __2__

Signer(s) Other Than Named Above: __No other signer__

---

©2020 National Notary Association

M1304-10 (11/20)

# EXHIBIT (4)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,
     Plaintiff,

V.                               Civil Action No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, (DHS)
     Defendant.
_____/

**PLAINTIFF'S MOTION FOR RELIEF FROM STANDING
ORDER 25-55 AND FOR ENTRY OF CLERK DEFAULT UNDER RULE 55(a)
WITH MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Plaintiff Rayon Payne, proceeding pro se, and respectfully moves this Honorable Court to:

1. Grant relief from the application of Standing Order 25-55 in this FOIA action;

2. Direct the Clerk of Court to enter default against Defendant United States Department of Homeland Security (DHS) pursuant to Federal Rule of Civil Procedure 55(a);

3. Disqualify the presiding judge, Hon. Ana C. Reyes, due to established structural conflicts and violations of federal law; and

4. Grant all further relief deemed just and proper.

This motion is based upon the following factual background and legal arguments:

**I. PROCEDURAL BACKGROUND**

5. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in which Plaintiff seeks his immigration A-file.

6. Defendant was served on or before September 16, 2025, making its responsive deadline October 16, 2025, pursuant to FOIA's 30-day statutory response window.

7. As of the date of this filing, Defendant has filed no appearance, no answer, and no motion.

1

8.  On October 1, 2025, Standing Order 25-55 was issued in light of a federal shutdown. However, the application of that order to this case is neither required nor appropriate.

## II. RELIEF FROM STANDING ORDER 25-55 IS WARRANTED

The Court should disregard Standing Order 25-55 as applied to this action for the following reasons:

### A. Defendant and Court Benefited From Procedural Misconduct

9.  Defendant has benefited from the unlawful concealment of Plaintiff's A-file, including in Payne v. USCIS, 1:23-cv-01952, where DOJ used the A-file against Plaintiff but denied him access to it under FOIA.

10. Judge Ana C. Reyes, the presiding judge in both that immigration case and this FOIA matter, ordered a transfer of the 1447(b) petition in that case in direct violation of 8 U.S.C. § 1447(b), which explicitly vests jurisdiction solely in the district court and prohibits transfer.

11. The concealment of Plaintiff's A-file and the statutory violation in the immigration case directly taint this FOIA matter. Equitable extensions such as those provided under Standing Order 25-55 should not apply when Defendant and the Court have unclean hands.

## III. ENTRY OF CLERK DEFAULT IS MANDATORY UNDER RULE 55(a)

12. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

13. Plaintiff has submitted all documents required:

    a.  Affidavit of service confirming timely service and non-response;

2

    b.   Declaration under the Servicemembers Civil Relief Act, 50 U.S.C. § 3931;

    c.   Certificate of Service under Standing Order 25-55, Sec. 2.

14. The Clerk does not have discretion to withhold default entry. See Meehan v. Snow, 652 F.2d 274 (2d Cir. 1981); and Thompson v. Wooster, 114 U.S. 104 (1885).

## IV. MEMORANDUM OF LAW ON STRUCTURAL CONFLICT, BIAS, AND STATUTORY VIOLATION

### A. Unlawful Transfer under 8 U.S.C. § 1447(b)

15. Section 1447(b) confers exclusive jurisdiction to district courts over certain immigration applications and explicitly omits any provision for transfer. The D.C. District Court had no authority to transfer Plaintiff's case to Florida.

16. Judge Reyes ordered or facilitated this transfer in violation of clear statutory command. Such action is not a legal error—it is a constitutional breach under separation of powers and due process.

17. Reyes is now presiding over this FOIA matter in which Plaintiff seeks access to the very file that was unlawfully withheld during the prior proceedings she oversaw. Her continued presence violates 28 U.S.C. § 455(a) and (b).

18. In Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), the Supreme Court made clear that the appearance of impartiality is essential, and a judge who has entangled herself in prior misconduct must step aside.

### B. DOJ's Benefit From the Court's Misconduct

19. DOJ is now benefiting from relief under Standing Order 25-55, while the prejudice to the Plaintiff is ongoing. The extension of time should not benefit a party with unclean hands—particularly where the delay is tied to unlawful procedural concealment.

3

20. To grant such relief would endorse and extend the prejudice stemming from DOJ's earlier misconduct and the Court's own statutory violations.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a.  Grant relief from Standing Order 25-55 as applied to this matter;

b.  Direct the Clerk of Court to immediately enter default under Rule 55(a);

c.  Set a briefing schedule on default judgment under Rule 55(b);

d.  Order the recusal of Judge Ana C. Reyes, or refer the disqualification issue to the Chief Judge for immediate review;

e.  Grant any other relief the Court deems necessary to cure the ongoing due process violations and maintain judicial integrity.


Date: 10/28/2025                                Respectfully submitted,


_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 10/28/2025, I electronically filed the foregoing "Motion for Relief from Standing Order 25-55 and for Entry of Clerk Default" with the Clerk of Court using the CM/ECF system and further served a copy on Defendant by electronic mail in accordance with Standing Order 25-55, Section 2, at the following email address:

**USADC.ServiceCivil@usdoj.gov**

This service is consistent with the Court's directive for all civil filings involving the United States during the period of reduced operations.

Respectfully submitted,

Date: 10/28/2025

Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYON PAYNE,
      Plaintiff,

V.                                    Civil Action No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, (DHS)
      Defendant.
_____/

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM STANDING ORDER 25-55 AND REQUEST FOR ENTRY OF CLERK DEFAULT**

Upon consideration of Plaintiff's Motion for Relief from Standing Order 25-55, Request for

Entry of Clerk Default, and related relief, the Court finds that:

1. Plaintiff has demonstrated substantial prejudice resulting from the concealment of critical

    agency records in a related proceeding, and

2. Plaintiff has presented a prima facie showing that Defendant failed to timely appear or

    respond under Fed. R. Civ. P. 55(a) prior to the issuance of Executive Standing Order

    25-55,

3. Structural conflicts and judicial entanglements raised in Plaintiff's filings may impair the

    fair administration of this matter.

Accordingly, it is hereby:

**ORDERED that Plaintiff's Motion is GRANTED in part;**

FURTHER ORDERED that the Clerk of Court shall enter default against Defendant pursuant to

Fed. R. Civ. P. 55(a);

**FURTHER ORDERED** that the Executive Standing Order 25-55 shall not bar or delay the entry of default in this case due to the unique procedural posture and constitutional implications identified;

**FURTHER ORDERED** that the Court will determine further appropriate relief or default judgment upon separate motion or further proceedings.

SO ORDERED.

Dated: _____, 2025

_____
Ana C. Reyes
United States District Judge

# EXHIBIT (5)

10

**Full docket text:**
MINUTE ORDER. The Court ORDERS the parties to meet and confer and file a joint status report on or before January 30, 2026. The joint status report should address, among other things, (1) the status of Plaintiffs' FOIA requests; (2) the anticipated number of documents responsive to Plaintiffs' FOIA requests; (3) the anticipated date(s) for release of those documents; and (4) whether a motion for a stay under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), is likely. To the extent that Defendant asserts that it has already responded to Plaintiff's request, the Court directs Plaintiff to state what other information he seeks or, alternately, whether he will stipulate to the dismissal of this case.

Counsel shall not contact Chambers directly concerning scheduling or other matters, as Chambers personnel will not handle questions relating to the status or scheduling of pending matters, except in case of an emergency. Signed by Judge Ana C. Reyes on 12/9/2025. (lcacr2) Modified on 12/9/2025 to correct typo (zcdw).

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/11/2025 04:47:37 | | |
| **PACER Login:** | folks9595 | **Client Code:** |
| **Description:** | History/Documents | **Search Criteria:** | 1:25-cv-03186-ACR |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |