**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
    Plaintiff,

V.                                     Civil Action No. 1:25-cv-03186-ACR

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY,
    Defendant.
_____/

**RENEWED MOTION TO DISQUALIFY THE DEPARTMENT**
**OF JUSTICE AS COUNSEL FOR DEFENDANT DHS**

COMES NOW Plaintiff Rayon Payne, appearing pro se, and respectfully moves this Court to

disqualify the Department of Justice (DOJ) from representing Defendant, the Department of

Homeland Security (DHS), in this action. This motion is brought under this Court's inherent

authority to ensure the fair administration of justice, and based on the DOJ's demonstrated and

ongoing conflict of interest, as well as its improper benefit from judicial irregularities and

structural prejudice in this and related proceedings. See Woods v. Covington Cnty. Bank, 537

F.2d 804 (5th Cir. 1976), where the court held: "A district court is obliged to take measures

against unethical conduct occurring in connection with any proceeding before it. The court's

inherent power includes the authority to disqualify an attorney when necessary to preserve the

integrity of the judicial process."

**I. INTRODUCTION**

This FOIA action arises from DHS's failure to lawfully respond to Plaintiff's request for his

A-File — a document integral to Plaintiff's civil rights and due process claims. The DOJ, acting

as counsel for DHS, has actively benefited from procedural irregularities that blocked a Rule

**1**

55(a) default, suppressed a timely FOIA response, and were issued while Judge Reyes is under review in two Supreme Court writs (Nos. 25-655 and 25-656) and an active judicial misconduct complaint.

The DOJ was fully aware of the irregularities and made no effort to correct them, and instead leveraged those procedural benefits without opposition or disclosure. As in United States v. Heldt, 668 F.2d 1238 (D.C. Cir. 1981), this Court has authority to disqualify counsel when doing so is necessary to "preserve the integrity of the adversarial process."

## II. GROUNDS FOR DISQUALIFICATION

### A. DOJ's Role in Constitutional and Procedural Suppression

The DOJ's actions — and inactions — across this case and the parallel 28 U.S.C. § 1447(b) matter have created an irremediable conflict of interest, as it has benefited from the failure to enter default, accepted judicial extensions of time despite its statutory FOIA default. Participated in proceedings before a judge who is the subject of two pending Supreme Court cases and a judicial complaint. Avoided any acknowledgment or redress of Plaintiff's constitutional concerns. In United States v. Shaffer Equip. Co., 11 F.3d 450 (4th Cir. 1993), the court held that government attorneys must be held to the highest standards of fairness and candor. Here, DOJ's strategic silence and opportunism violate those standards.

### B. Structural Prejudice and Due Process Harm

A party that benefits from judicial bias or obstructed procedure cannot be deemed a neutral participant. DOJ's failure to challenge or even address the Standing Order 25-55 — which blocked the Clerk's Rule 55(a) duty — while accepting the benefit of a reset deadline without a ruling on Plaintiff's Relief Motion, amounts to constructive participation in structural unfairness.

2

**3**

This violates <u>Tumey v. Ohio</u>, 273 U.S. 510 (1927), which bars government participation where the process itself is contaminated by institutional bias.

## C. DOJ's Role in the Related 1447(b) Case and Supreme Court Proceedings

The DOJ is a party in two U.S. Supreme Court writs (Nos. 25-655 and 25-656), both of which challenge the withholding of Plaintiff's A-File, procedural manipulation by DHS and DOJ, and conduct by Judge Reyes, who now presides over this case.

Because the FOIA claim is interwoven with those proceedings, DOJ's continued participation here presents a clear appearance of impropriety under 28 U.S.C. § 455(a) and Canon 1 and 2 of the Code of Professional Responsibility.

## III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Disqualify the Department of Justice from representing DHS in this FOIA matter;

2. In the alternative, stay proceedings pending reassignment of government counsel or oversight by the Chief Judge;

3. Order any other relief the Court deems just and proper to preserve judicial integrity and Plaintiff's constitutional rights.

Date: 12/11/2025                                    Respectfully submitted,

_____
RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd
Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: kekomardi@gmail.com

**3**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12/11/2025, I electronically filed the foregoing pleading with the

Clerk of Court using the CM/ECF system and further served a copy on Defendant by electronic

mail.

Respectfully submitted,

_____

RAYON PAYNE, PRO SE

4