IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT


IN RE: RAYON PAYNE
Petitioner

Case No. 25-5349


**SUPPLEMENTAL MOTION AND MEMORANDUM OF
LAW IN SUPPORT OF REQUEST FOR LEAVE TO FILE NOTICE
OF APPEAL OR, IN THE ALTERNATIVE, TO CONVERT THIS
PETITION INTO A DIRECT APPEAL**

(RELATING TO CASE NO. 1:25-cv-03186-ACR)


COMES NOW Petitioner Rayon Payne respectfully submits this
supplemental motion in light of the District Court's February 12, 2026 dismissal
order in Payne v. DHS, No. 1:25-cv-03186-ACR (D.D.C.). The dismissal followed
Petitioner's inability to respond to a show cause order due to a prior minute order
barring him from filing any motions without court approval. **See attached order**.

Because the District Court has now entered a final dispositive order, and
because Petitioner remains procedurally barred from filing a notice of appeal in the
District Court due to the still-operative restriction, Petitioner respectfully moves
this Court to:

1

1.  Grant leave to file a Notice of Appeal directly with this Court;

    OR

2.  Exercise its equitable authority to treat the pending mandamus docket

    as a constructive notice of appeal from the District Court's final

    dismissal order, in light of the constitutional implications now fully

    matured in the record.

## II. PROCEDURAL BACKGROUND

On September 29, 2025, Petitioner filed a mandamus petition before this

Court regarding constitutional issues in his FOIA action in the District Court.

On January 29, 2026, this Court issued an order stating Petitioner had not

shown a "clear and indisputable right to relief" at that time, but did not dismiss the

case.

On February 3, 2026, the District Court issued a show cause order requiring

Petitioner to respond, despite a prior order prohibiting him from filing without

leave.

On February 12, 2026, the District Court dismissed the FOIA case without

prejudice for failure to prosecute, citing Petitioner's lack of response to the show

cause order.

## III. LEGAL GROUNDS FOR RELIEF

**A. Petitioner Was Procedurally Barred from Filing a Notice of Appeal**

Petitioner could not file a notice of appeal in the District Court due to the prior

minute order restricting filings, and no leave was ever granted. This procedural bar

presents a constitutional impairment of the right to access appellate review. See

Griffin v. Illinois, 351 U.S. 12 (1956).

**B. This Court May Treat the Mandamus Docket as a Notice of Appeal**

This Court has equitable power to treat documents as a notice of appeal where the

intent to appeal is clear and the record supports timely jurisdiction. See Smith v.

Barry, 502 U.S. 244 (1992). Petitioner has consistently maintained before this

Court that the filing restrictions violate his due process rights and requested

appellate review on those grounds.

**C. Petitioner's Request Meets the Requirements of Rule 3(c)**

Under Fed. R. App. P. 3(c), a notice of appeal must:

1.  Identify the party taking the appeal (Petitioner),

2.  Designate the judgment being appealed (District Court's Feb. 12, 2026

    order), and

3.  Indicate the court to which the appeal is taken (D.C. Circuit). Petitioner's

    filings to date satisfy this standard in substance, if not in form.

In <u>Smith v. Barry</u> the Supreme Court held that: A pro se informal appellate brief — even if not labeled a "notice of appeal" — can function as one if it satisfies Rule 3(c)'s criteria.

## D. Alternative Relief: Leave to File Notice of Appeal with This Court

If this Court finds that a conversion is not appropriate, Petitioner respectfully requests leave to file a notice of appeal directly with this Court, in light of the constitutional barrier created by the trial court's orders.

## IV. CONCLUSION

Petitioner respectfully requests this Court to:

1. Grant leave to file a notice of appeal in this Court based on the final order issued February 12, 2026,

   or,

2. Treat this supplemental motion and the mandamus record as a timely notice of appeal under Fed. R. App. P. 3(c) and Smith v. Barry.

3. Such relief is warranted to preserve Petitioner's constitutional right to appellate review and to ensure the integrity of the judicial process in light of unresolved judicial misconduct concerns.

Date: 2/ 12/2026                                    Respectfully Submitted

_____

RAYON PAYNE, PRO SE
8815 Conroy Windermere Rd. Ste. #208
Orlando Florida 32835
Tel: 863-485-0550
Email: Kekomardi@gmail.com
Email: info@folksalert.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion

complies with the type-volume limitation and formatting requirements of the

Federal Rules of Appellate Procedure and the D.C. Circuit Rules.

1.  This motion contains approximately 969 words, excluding the parts

    exempted by Rule 32(f), as counted by Google Doc.

2.  This document was prepared in a proportionally spaced typeface using

    Google Doc in Times New Roman 14-point font, in compliance with Rule

    32(a)(5) and 32(a)(6).

Date: 2/ 12/2026                                    Respectfully Submitted

_____

RAYON PAYNE, PRO SE

## CERTIFICATE OF INTERESTED PARTIES AND AMICUS CURIAE

Pursuant to D.C. Circuit Rule 26.1 and Federal Rule of Appellate Procedure 26.1, the undersigned certifies as follows:  The undersigned pro se Appellant states that there are no publicly held corporations that have a direct financial interest in the outcome of this litigation. No Amicus curiae have appeared or are known to have an interest in this case at this time.

The parties to this appeal are:

- Petitioner: Rayon Payne

- Respondent: Hon. Ana C. Reyes - U.S. Dist. Judge, and the U.S. Dist. Court.

No other parties, intervenors, or amici are known at this time.

 Date: 2/ 12/2026                    Respectfully Submitted

_____

RAYON PAYNE, PRO SE

## CERTIFICATE OF SERVICE

I hereby certify that on Feb.12th, 2026, I served a true and correct copy of the foregoing upon the following government counsels listed as counsel of record via the CM/ECF filing system.

Respectfully Submitted

_____

RAYON PAYNE, PRO SE

6

# ATTACHED

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:25-cv-03186-ACR

PAYNE v. UNITED STATES DEPARTMENT OF HOMELAND SECURITY
Assigned to: Judge Ana C. Reyes
Related Cases: 1:25-cv-01952-ACR
             1:25-cv-03358-RBW
Cause: 05:552 Freedom of Information Act

Date Filed: 09/12/2025
Jury Demand: None
Nature of Suit: 895 Freedom of Information Act
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**RAYON SHERWIN PAYNE**

represented by **RAYON SHERWIN PAYNE**
8815 Conroy Windermere Rd
Ste #208
Orlando, FL 32835
Email: kekomardi@gmail.com
PRO SE

V.

**Defendant**

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**

represented by **Kenneth A. Adebonojo**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-2562
Fax: (202) 252-2599
Email: kenneth.adebonojo@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/12/2025 | 1 | COMPLAINT against UNITED STATES DEPARTMENT OF HOMELAND SECURITY ( Filing fee $ 405, receipt number 210387) filed by RAYON SHERWIN PAYNE. (Attachments: # 1 Civil Cover Sheet)(znmw) (Entered: 09/15/2025) |
| 09/12/2025 | | SUMMONS (3) Issued as to UNITED STATES DEPARTMENT OF HOMELAND SECURITY, U.S. Attorney and U.S. Attorney General (znmw) (Entered: 09/15/2025) |

USCA Case #25-5349    Document #2158957    Filed: 02/12/2026    Page 9 of 12

| | | |
|---|---|---|
| 09/12/2025 | 2 | NOTICE OF RELATED CASE by RAYON SHERWIN PAYNE. Case related to Case No. 25cv1952 ACR. (znmw) (Entered: 09/15/2025) |
| 09/12/2025 | 3 | NOTICE of Supervisory Writ by RAYON SHERWIN PAYNE (znmw) (Entered: 09/15/2025) |
| 09/12/2025 | 4 | MOTION for CM/ECF Password by RAYON SHERWIN PAYNE. (znmw) (Entered: 09/15/2025) |
| 09/15/2025 | | MINUTE ORDER granting 4 Motion for CM/ECF Password. The Clerk's Office will reach out to help grant access. Signed by Judge Ana C. Reyes on 09/15/2025. (lcacr2) (Entered: 09/15/2025) |
| 09/16/2025 | 5 | First MOTION to Disqualify Judge *Reyes* by RAYON SHERWIN PAYNE. (Attachments: # 1 Text of Proposed Order)(PAYNE, RAYON) (Entered: 09/16/2025) |
| 09/22/2025 | 6 | NOTICE *Judicial Notice* by RAYON SHERWIN PAYNE (PAYNE, RAYON) (Entered: 09/22/2025) |
| 09/22/2025 | 7 | NOTICE *Proof of service* by RAYON SHERWIN PAYNE (PAYNE, RAYON) (Entered: 09/22/2025) |
| 09/22/2025 | | MINUTE ORDER denying 5 Motion to Disqualify Judge. While Plaintiff cites to 28 U.S.C. § 455, Plaintiff does not point to any facts meeting the standard contained in that statute. That the Court transferred Plaintiff's immigration case, No. 25-cv-1952, to a more suitable forum without deciding the merits does not "reasonably" raise questions about its "impartiality" to adjudicate this FOIA case, *id*. § 455(a), nor constitute "personal bias or prejudice concerning a party," *id*. § 455(b)(1). Plaintiff's Motion otherwise makes only conclusory statements about the Court's ability to fairly adjudicate this case. The Court DENIES the Motion. Signed by Judge Ana C. Reyes on 09/22/2025. (lcacr2) (Entered: 09/22/2025) |
| 09/22/2025 | 8 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF HOMELAND SECURITY served on 9/15/2025, RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 9/16/2025., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/16/2025. ( Answer due for ALL FEDERAL DEFENDANTS by 10/16/2025.) (See Docket Entry 7 to view document). (znmw) (Entered: 09/23/2025) |
| 09/25/2025 | 9 | First MOTION to Disqualify Counsel *DOJ* by RAYON SHERWIN PAYNE. (Attachments: # 1 Text of Proposed Order)(PAYNE, RAYON) (Entered: 09/25/2025) |
| 09/25/2025 | | MINUTE ORDER denying 9 Motion to Disqualify Counsel. The Court does not have the authority to disqualify the entirety of the Department of Justice from serving as counsel to the Defendant. Under 28 U.S.C. § 516, "the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General." Signed by Judge Ana C. Reyes on 09/25/2025. (lcacr2) (Entered: 09/25/2025) |

| | | |
|---|---|---|
| 09/29/2025 | 10 | NOTICE of Filing Petition for Writ of Mandamus with the USCA by RAYON SHERWIN PAYNE (znmw) (Entered: 10/02/2025) |
| 10/17/2025 | 11 | ENTERED IN ERROR.....First MOTION for Entry of Default as to *failure to appear* by RAYON SHERWIN PAYNE. (Attachments: # 1 Text of Proposed Order)(PAYNE, RAYON) Modified event on 10/17/2025 (znmw). Modified on 10/27/2025, pursuant to Plaintiff (mg). (Entered: 10/17/2025) |
| 10/27/2025 | 12 | Second MOTION for Default Judgment as to *Failure to appear* by RAYON SHERWIN PAYNE. (PAYNE, RAYON) (Entered: 10/27/2025) |
| 10/27/2025 | 13 | AFFIDAVIT FOR DEFAULT re 12 Second MOTION for Default Judgment as to *Failure to appear Servicemember Civil Relief Act*. by RAYON SHERWIN PAYNE. (PAYNE, RAYON) (Entered: 10/27/2025) |
| 10/28/2025 | 14 | First MOTION for Order *Seeking relief from Exec. Order 25-55* by RAYON SHERWIN PAYNE. (Attachments: # 1 Text of Proposed Order)(PAYNE, RAYON) (Entered: 10/28/2025) |
| 12/08/2025 | 15 | ANSWER to 1 Complaint by UNITED STATES DEPARTMENT OF HOMELAND SECURITY.(Adebonojo, Kenneth) (Entered: 12/08/2025) |
| 12/08/2025 | 18 | NOTICE of Filing an Appeal with the Supreme Court by RAYON SHERWIN PAYNE (Attachments: # 1 Envelope)(znmw) (Entered: 12/16/2025) |
| 12/09/2025 | | MINUTE ORDER. The Court ORDERS the parties to meet and confer and file a joint status report on or before January 30, 2026. The joint status report should address, among other things, (1) the status of Plaintiffs' FOIA requests; (2) the anticipated number of documents responsive to Plaintiffs' FOIA requests; (3) the anticipated date(s) for release of those documents; and (4) whether a motion for a stay under *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976), is likely. To the extent that Defendant asserts that it has already responded to Plaintiff's request, the Court directs Plaintiff to state what other information he seeks or, alternately, whether he will stipulate to the dismissal of this case.<br><br>Counsel shall not contact Chambers directly concerning scheduling or other matters, as Chambers personnel will not handle questions relating to the status or scheduling of pending matters, except in case of an emergency. Signed by Judge Ana C. Reyes on 12/9/2025. (lcacr2) Modified on 12/9/2025 to correct typo (zcdw). (Entered: 12/09/2025) |
| 12/09/2025 | | Set/Reset Deadlines/Hearings: Joint Status Report due by 1/30/2026. (zcdw) (Entered: 12/09/2025) |
| 12/11/2025 | 16 | Second MOTION to Disqualify Judge by RAYON SHERWIN PAYNE. (Attachments: # 1 Text of Proposed Order)(PAYNE, RAYON). Added MOTION for Recusal, MOTION to Stay on 12/11/2025 (znmw). (Entered: 12/11/2025) |
| 12/11/2025 | 17 | Second MOTION to Disqualify Counsel by RAYON SHERWIN PAYNE. (Attachments: # 1 Text of Proposed Order)(PAYNE, RAYON) (Entered: 12/11/2025) |

| | | |
|---|---|---|
| 12/11/2025 | | MINUTE ORDER denying 12 Motion for Default Judgment; 14 Motion for Order; 16 Motion to Disqualify Judge; 17 Motion to Disqualify Counsel.<br><br>In light of Defendant's tolled deadlines pursuant to the Chief Judge's Standing Order 25-55 (JEB), the Court denies 12 Second Motion for Default Judgment and 14 First Motion for Order. With respect to Plaintiff's 16 Second Motion to Disqualify Judge and 17 Second Motion to Disqualify Counsel, these renewed Motions are deficient for substantially the same reasons the Court set forth in its previous Minute Orders denying similar motions. *See* Sept. 22, 2025, Min. Order; Sept. 25, 2025, Min. Order. Moreover, because Plaintiff has continued to engage in frivolous filing practices after the Court ordered the parties to first meet and confer and provide a joint status report, the Court ORDERS that until the submission of that joint status report, Plaintiff may not docket further papers in this case without first seeking leave of this Court. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Signed by Judge Ana C. Reyes on 12/11/2025. (lcacr2) (Entered: 12/11/2025) |
| 01/30/2026 | 19 | STATUS REPORT by UNITED STATES DEPARTMENT OF HOMELAND SECURITY. (Adebonojo, Kenneth) (Entered: 01/30/2026) |
| 02/03/2026 | | MINUTE ORDER. The Court has reviewed 19 Status Report of the United States. The Government represents that it has "completed processing and release of responsive records." Dkt. 19 at 2. The Government reports that Plaintiff disagrees, but that Plaintiff has not participated in the preparation of the joint status report that the Court ordered. *Id.*<br><br>The Court therefore ORDERS Plaintiff to show cause, on or before February 10, 2026, why this action shall not be dismissed, because Plaintiff has achieved all the relief he sought. In that filing, Plaintiff shall identify with specificity what documents the Government has produced and what documents he believes the Government has yet to convey to him. Otherwise, the Court will dismiss this case for failure to prosecute. Signed by Judge Ana C. Reyes on 2/3/2026. (lcacr2) (Entered: 02/03/2026) |
| 02/03/2026 | | Set/Reset Deadlines/Hearings: Plaintiff's response to Show Cause due by 2/10/2026. (zcdw) (Entered: 02/03/2026) |
| 02/12/2026 | | MINUTE ORDER. In its February 3, 2026, Minute Order, the Court ordered Plaintiff to show cause by February 10, 2026, why this case should not be dismissed for failure to prosecute after Plaintiff did not participate in the preparation of the most recent status report, as ordered, and because in 19 Status Report, the Government represented that it had produced all responsive documents to Plaintiff. Because February 10, 2026, has passed, the Court DISMISSES this case without prejudice and accordingly DIRECTS the Clerk of Court to terminate this action. Signed by Judge Ana C. Reyes on 2/12/2026. (lcacr2) (Entered: 02/12/2026) |

## PACER Service Center

### Transaction Receipt

USCA Case #25-5349    Document #2158957    Filed: 02/12/2026    Page 12 of 12

| 02/12/2026 17:56:20 | | | |
|---|---|---|---|
| **PACER Login:** | folks9595 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:25-cv-03186-ACR |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |